Peter S. Partee, Sr.
Jack A. Molenkamp
Andrew Kamensky (to be admitted *pro hac vice*)
Scott H. Bernstein
HUNTON & WILLIAMS LLP
200 Park Avenue, 53rd Floor
New York, New York 10166-0136
(212) 309-1000

*Proposed Attorneys for Debtors*
 *and Debtors-in-Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CREDIT-BASED ASSET SERVICING | ) | Case No. 10-16040 (ALG) |
| AND SECURITIZATION LLC, | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| C-BASS CBO HOLDING LLC, | ) | Case No. 10-16041 (ALG) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| C-BASS CREDIT CORP., | ) | Case No. 10-16042 (ALG) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| C-BASS INVESTMENT MANAGEMENT LLC, | ) | Case No. 10-16043 (ALG) |
| | ) | |
| Debtor. | ) | |
| | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| NIM I LLC, | ) | Case No. 10-16044 (ALG) |
| Debtor. | ) | |
| In re: | ) | Chapter 11 |
| PLEDGED PROPERTY II LLC, | ) | Case No. 10-16045 (ALG) |
| Debtor. | ) | |
| In re: | ) | Chapter 11 |
| STARFISH MANAGEMENT GROUP LLC, | ) | Case No. 10-16046 (ALG) |
| Debtor. | ) | |
| In re: | ) | Chapter 11 |
| SUNFISH MANAGEMENT GROUP LLC, | ) | Case No. 10-16047 (ALG) |
| Debtor. | ) | |

## MOTION OF THE DEBTORS AND DEBTORS-IN-POSSESSION FOR ENTRY OF AN ORDER (I) DIRECTING JOINT ADMINISTRATION OF THE CHAPTER 11 CASES UNDER FED. R. BANKR. P. 1015(b), (II) WAIVING REQUIREMENTS OF 11 U.S.C. § 342(c)(1), FED. R. BANKR. P. 1005 AND FED. R. BANKR. P. 2002(n), AND (III) AUTHORIZING THE DEBTORS TO FILE REQUIRED MONTHLY OPERATING REPORTS ON A CONSOLIDATED BASIS

The debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), by and through their undersigned counsel, hereby move (the "Motion") for the entry of an order, the proposed form of which is attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (i) directing the joint administration of the Debtors' separate chapter 11 cases for

procedural purposes only, (ii) waiving the requirements that the captions in these chapter 11

cases contain certain identifying information with respect to each Debtor, and (iii) authorizing

the filing of monthly operating reports on a consolidated basis, subject to certain conditions,

including consultation with the office of the United States Trustee for the Southern District of

New York (the "UST").  In support of this Motion, the Debtors submit the *Declaration of*

*Andrew Rickert in Support of Chapter 11 Petitions and First Day Motions* (the "First Day

Declaration").  In further support of the Motion, the Debtors respectfully represent as follows:

## I.  Background

1.      On November 12, 2010 (the "Petition Date"), each of the Debtors filed a

voluntary petition for relief under chapter 11 of Title 11 of the United States Code, 11 U.S.C.

§§ 101-1532 (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for

the Southern District of New York (the "Court").  The Debtors are operating their businesses and

managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the

Bankruptcy Code.  No request for the appointment of a trustee or an examiner has been made in

these chapter 11 cases and no statutory committees have been appointed or designated.

2.      A description of the Debtors' businesses, the reasons for filing these chapter 11

cases and the relief sought from this Court to allow for a smooth transition into operations under

chapter 11 is set forth in the First Day Declaration, which is being filed contemporaneously with

this Motion.

## II.      Jurisdiction, Venue and Predicate for Relief Requested

3.      The Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334 and the

*Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the*

*Southern District of New York* dated July 10, 1984 (Ward, Acting C.J.).  Venue in this Court is

proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding within the

meaning of 28 U.S.C. § 157(b)(2). The predicate for the relief requested herein is Bankruptcy Rule 1015(b).

### III. <u>Summary of Relief Requested</u>

4.     By this Motion, the Debtors seek entry of an order, under Bankruptcy Rule 1015(b), consolidating the Debtors' chapter 11 cases for procedural purposes only and waiving the requirement of section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rules 1005 and 2002(n) that the case caption and other notices mailed in these cases contain the tax identification number in the caption, all other names used within eights years of the filing of the bankruptcy petition and address for each Debtor. As an alternative to including each Debtor's address and tax identification number in the caption, the Debtors propose to use a consolidated caption to indicate that any filed pleading relates to the jointly administered bankruptcy cases of the Debtors, and to list the names of all of the Debtors in a footnote to each pleading filed and each notice mailed by the Debtors in these cases. Finally, the Debtors seek authority to file monthly operating reports required by the *Operating Guidelines and Reporting Requirements for Debtors-in-Possession and Trustees* (the "<u>Operating Guidelines</u>") promulgated by the UST on a consolidated basis if the Debtors determine, after consultation with the UST, that consolidated reports would further administrative economy and efficiency without prejudice to any party in interest and that the reports would accurately reflect the Debtors' consolidated business operations and financial affairs.

### IV. <u>Basis for Relief</u>

5.     Bankruptcy Rule 1015(b) provides that: "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates" of such debtor and its affiliates. Debtor Credit-Based Asset Servicing and Securitization LLC ("<u>C-BASS</u>") is the direct or indirect parent or a significant

shareholder and manager of each of the other Debtors, each of which is an "affiliate" as that term is defined in section 101(2) of the Bankruptcy Code[1] and used in Bankruptcy Rule 1015(b). Thus, joint administration of the Debtors' cases is appropriate under Bankruptcy Rule 1015(b).

6. Moreover, joint administration of the Debtors' chapter 11 cases will permit the Clerk of the Court to use a single general docket for each of the Debtors' cases and to combine notices to creditors and other parties in interest of the Debtors' respective estates. Indeed, the Debtors anticipate that numerous notices, applications, motions, other pleadings, hearings and orders in these cases will affect all of the Debtors.

7. Joint administration will also save time and money and avoid duplicative and potentially confusing filings by permitting counsel for all parties in interest to use a single caption on numerous documents that will be served and filed herein and file the papers in one case rather than in multiple cases; provided, however, that all schedules of assets and liabilities, statements of financial affairs, and proofs of claims will be captioned and filed in each of the Debtors' respective separate cases as appropriate. Finally, joint administration will protect parties in interest by ensuring that parties in each of the Debtors' respective chapter 11 cases will be appraised of the various matters before the Court in these cases.

8. The rights of the respective creditors of each of the Debtors will not be adversely affected by joint administration of these cases as the relief sought is purely procedural and is in

---

[1]    Section 101(2) of the Bankruptcy Code defines an "affiliate" as:

[A] corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor, other than an entity that holds such securities—

(i) in a fiduciary or agency capacity without sole discretionary power to vote such securities; or

(ii) solely to secure a debt, if such entity has not in fact exercised such power to vote.

11 U.S.C. § 101(2).

no way intended to affect substantive rights. Each creditor or other party in interest will maintain whatever rights it has against the particular estate in which it allegedly has a claim or right.

9.     In furtherance of the foregoing, the Debtors request that the official caption of the chapter 11 cases be used by all parties in all pleadings in the jointly administered cases as follows:

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CREDIT-BASED ASSET SERVICING AND SECURITIZATION LLC, et al., | Case No. 10-16040 (ALG) |
| Debtors. | (Jointly Administered) |

10.     The Debtors submit that the use of this simplified caption, without reference to any other names used during the past eight years and tax identification numbers for each individual debtor, will eliminate cumbersome and confusing procedures and ensure a uniformity of pleading identification. The Debtors, moreover, propose to consolidate these chapter 11 cases under the chapter 11 case of "Credit-Based Asset Servicing and Securitization LLC" because of its recognizable name to the Debtors' creditor body at large and other parties in interest.

11.     In addition, the Debtors request that the Court make separate docket entries in each of the Debtors' chapter 11 cases (except that of C-BASS) substantially similar to the following:

> "An order has been entered in this case consolidating this case with the case of Credit-Based Asset Servicing and Securitization LLC (Case No. 10-16040 (ALG)) for procedural purposes only and providing for its joint administration in accordance with the terms thereof. The docket in Case No. 10-16040 (ALG) should be consulted for all matters affecting the above listed case."

12.     It would be far more practical and expedient for the administration of these chapter 11 cases if the Court were to authorize joint administration.  The Debtors envision that many of the motions, hearings and other matters involved in these chapter 11 cases will affect all of the Debtors.  Consequently, joint administration will reduce costs and facilitate a more efficient administrative process, unencumbered by the procedural problems otherwise attendant to the administration of separate, albeit related, chapter 11 cases.

13.     Joint administration will also allow the Court and the Debtors to employ a single docket for all of the cases and to confine, and thereby simplify, notice to creditors and other parties in interest in these bankruptcy cases.  Joint administration will also enable parties in interest in each of the chapter 11 cases to stay apprised of all matters before the Court.  Finally, joint administration will ease the burden on the UST in supervising these bankruptcy cases.

14.     Moreover, waiver of the requirements imposed by section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rules 1005 and 2002(n) that the Debtors' caption and other notices mailed in these cases include the Debtors' tax identification numbers and other information relating to the Debtors is appropriate in these cases.  Inclusion of the Debtors' tax identification numbers, other names used during the eight years prior to filing the bankruptcy petition, and addresses on each caption is cumbersome, and may be confusing to parties in interest.  More importantly, a waiver of these information requirements is purely procedural in nature and will not affect the substantive rights of parties in interest.

15.     Finally, the Debtors seek authority to file the monthly operating reports required by the Operating Guidelines promulgated by the UST on a consolidated basis if the Debtors determine, after consultation with the UST, that consolidated reports would further administrative economy and efficiency in these chapter 11 cases without prejudice to any party

in interest and that the reports would accurately reflect the Debtors' consolidated business operations and financial affairs. Notwithstanding the foregoing, each of the Debtors will file separate monthly reports of disbursements on an individual basis.

16. No party will be prejudiced by virtue of the relief requested in this Motion. Specifically, the relief sought herein is solely procedural and is not intended to affect substantive rights.

17. For these reasons, the Debtors submit that the relief requested herein is in the best interests of the Debtors, their estates, creditors and other parties in interest and, therefore, should be granted.

## V. Notice

18. Notice of this Motion has been provided to: (a) the UST; (b) counsel to the Administrative Agent for the Senior Lenders, Davis Polk & Wardwell LLP; (c) the creditors holding the thirty (30) largest unsecured claims against the Debtors' estates on a consolidated basis, as identified in the Debtors' chapter 11 petitions; and (d) all parties that have filed a notice of appearance or have requested service in these chapter 11 cases. In light of the nature of the relief requested herein and the potential harm to the Debtors' estates if the relief requested herein is not granted, the Debtors respectfully submit that no other or further notice need be provided.

## VI. No Prior Request

19. No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court (a) enter an order, substantially in the form of the Proposed Order, granting the relief requested herein, and (b) grant to the Debtors such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
        November 12, 2010

Respectfully submitted,

*/s/ Peter S. Partee, Sr.*
Peter S. Partee, Sr.
Jack A. Molenkamp
Andrew Kamensky (to be admitted *pro hac vice*)
Scott H. Bernstein
HUNTON & WILLIAMS LLP
200 Park Avenue, 53rd Floor
New York, New York 10166-0136
(212) 309-1000

*Proposed Attorneys for Debtors
 and Debtors-in-Possession*