Peter S. Partee, Sr.
Jack A. Molenkamp
Andrew Kamensky (to be admitted *pro hac vice*)
Scott H. Bernstein
HUNTON & WILLIAMS LLP
200 Park Avenue, 53rd Floor
New York, New York 10166-0136
(212) 309-1000

*Proposed Attorneys for Debtors
and Debtors-in-Possession*

**Hearing Date and Time: November 16, 2010, 11:30 a.m. (NYC Time)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) Chapter 11 |
| CREDIT-BASED ASSET SERVICING AND SECURITIZATION LLC, et al., | ) Case No. 10-16040 (ALG) |
| Debtors.[1] | ) Joint Administration Requested |

**MOTION OF DEBTORS AND DEBTORS-IN-POSSESSION
FOR ENTRY OF AN ORDER AUTHORIZING THE
EMPLOYMENT AND RETENTION OF DONLIN, RECANO & COMPANY, INC.
AS NOTICING, CLAIMS AND BALLOTING AGENT FOR THE DEBTORS**

The debtors and debtors-in-possession (collectively, the "Debtors") in the above captioned chapter 11 cases (the "Chapter 11 Cases"), by and through their undersigned counsel, hereby move (the "Motion") for the entry of an order, the proposed form of which is annexed hereto as **Exhibit D**, (the "Proposed Order"), pursuant to 28 U.S.C. § 156(c), Rule 2002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 5075-1(a) of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local

---

[1] The other Debtors are C-BASS CBO Holding LLC, C-BASS Credit Corp., C-BASS Investment Management LLC, NIM I LLC, Pledged Property II LLC, Starfish Management Group LLC, and Sunfish Management Group LLC.

Rules"), and General Order M-409 of the United States Bankruptcy Court for the Southern District of New York, authorizing the retention of the Donlin, Recano & Company, Inc. ("Donlin Recano"), effective as of the Petition Date (defined below), to provide among other services, claims tracking, noticing, balloting and disbursement services for the Debtors in the Chapter 11 Cases pursuant to the terms and conditions of the Standard Claims Administration and Noticing Agreement (the "Retention Agreement"), a true and complete copy of which is annexed hereto as **Exhibit A**. In support of this Motion, the Debtors rely on the Louis Recano Affidavit (defined below), a true and complete copy of which is annexed hereto as **Exhibit B**, and the *Declaration of Scott H. Bernstein in Support of Motion of Debtors and Debtors-in-Possession for Entry of an Order Authorizing the Employment and Retention of Donlin, Recano and Company, Inc. as Noticing, Claims and Balloting Agent for the Debtors* (the "Bernstein Declaration"), a true and complete copy of which is annexed hereto as **Exhibit C**. In further support of this Motion, the Debtors respectfully represent as follows:

### I. Background

1. On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court"). The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or an examiner has been made in these chapter 11 cases and no statutory committees have been appointed or designated.

2. Concurrently with the filing of this Motion, the Debtors have sought procedural consolidation and joint administration of these chapter 11 cases under the case of Debtor Credit-

Based Asset Servicing and Securitization LLC. A description of the Debtors' businesses, the reasons for filing these Chapter 11 Cases and the relief sought from this Court to allow for a smooth transition into operations under chapter 11 is set forth in the *Declaration of Andrew Rickert in Support of Chapter 11 Petitions and First Day Motions*, which is being filed contemporaneously with this Motion.

## II. Jurisdiction, Venue and Predicates for Relief Requested

3. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334 and the *Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York* dated July 10, 1984 (Ward, Acting C.J.). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The predicates for the relief requested herein are 28 U.S.C. §156(c), Bankruptcy Rule 2002, Local Rule 5075-1(a), and General Order M-409 of this Court.

## III. Summary of Relief Requested and Basis Therefor

4. By this Motion, made pursuant to 28 U.S.C. §156(c), the Debtors seek the entry of the Proposed Order appointing Donlin Recano to act as the claims, balloting and noticing agent in order to assume full responsibility for the distribution of notices and the maintenance, processing and docketing of proofs of claim filed in the Chapter 11 Cases. The Debtors' selection of Donlin Recano to act as the claims, balloting and noticing agent has satisfied the Court's *Protocol for Employment of Claims Agents*, dated May 8, 2006 and revised on January 23, 2008, in that the Debtors have obtained and reviewed engagement proposals from other court-approved claims and noticing agents to ensure selection through a competitive process. Moreover, the Debtors submit, based on all engagement proposals obtained and reviewed, that

Donlin Recano will provide the most cost effective and efficient service as a claims and noticing agent for the Chapter 11 Cases.

5. There are at least 1,200 entities to be noticed. In view of the number of anticipated claimants and the complexity of the Debtors' debt structure, the Debtors submit that the appointment of a claims, balloting and noticing agent to distribute notices, process all of the proofs of claims filed and assist in the balloting process is both necessary and in the best interests of both the Debtors' estates and their creditors.

6. The Debtors request approval to retain Donlin Recano to assist the Debtors, the Court, and the Office of the Clerk (the "Clerk's Office"), as necessary, in distributing notices, processing proofs of claim, assisting in the balloting process, and undertaking other administrative tasks pertaining to these Chapter 11 Cases. By appointing Donlin Recano as the claims, balloting and noticing agent in these Chapter 11 Cases, the distribution of notices and the processing of claims will be expedited, and the Clerk's Office will be relieved of the administration burden of processing what may be an overwhelming number of claims. In support of this Motion, the Debtors submit the *Affidavit of Louis A. Recano in Support of Motion of the Debtors and Debtors-in-Possession for Entry of an Order Authorizing the Retention and Employment of Donlin, Recano & Company, Inc. as Noticing, Claims and Balloting Agent for the Debtors* (the "Louis Recano Affidavit").

7. The Debtors believe that Donlin Recano is well-qualified to serve in the capacity as claims, balloting and noticing agent and that Donlin Recano's retention is in the best interests of the Debtors' estates, creditors, and other parties in interest. The Debtors chose Donlin Recano based on both its experience and the competitiveness of its fees. Donlin Recano has provided identical or substantially similar services in other chapter 11 cases filed in this District and

elsewhere, including, among others: *In re Graphics Properties Holdings, Inc (f/k/a Silicon Graphics, Inc.), et al*, Case No. 09-11701 (MG) (Bankr. S.D.N.Y. 2009); *In re Quebecor World (USA) Inc., et al*, Case No. 08-10152 (JMP) (Bankr. S.D.N.Y. 2008); *In re Ciena Capital LLC, et al.*, Case No. 08-13783 (AJG) (Bankr. S.D.N.Y. 2008); *In re M. Fabrikant & Sons, Inc., et al.*, Case No. 06-12737 (SMB) (Bankr. S.D.N.Y. 2006); *In re New York Westchester Square Medical Center*, Case No. 06-13050 (SMB) (Bankr. S.D.N.Y. 2006); *In re The Penn Traffic Company*, Case No. 03-22945 (ASH) (Bankr. S.D.N.Y. 2003); and *In re US Airways, Inc.*, (SSM) Case No. 04-13819 (Bankr. E.D.Va. 2004).

8. 28 U.S.C. § 156(c), which governs the staffing and expenses of bankruptcy courts, states in pertinent part:

> Any court may utilize facilities or services, either on or off the court's premises, which pertain to the provision of notices, dockets, calendars, and other administrative information to parties in cases filed under the provisions of title 11, United States Code, where the cost of such facilities or services are paid for out of the assets of the estate and are not charged to the United States. The utilization of such facilities or services shall be subject to such conditions and limitations as the pertinent circuit council may prescribe.

28 U.S.C. § 156(c).

9. Local Rule 5075-1(a) provides, in relevant part:

> The Court may direct, subject to supervision of the Clerk, the use of agents either on or off the Court's premises to file Court records, either by paper or electronic means, to issue notices, to maintain case dockets, to maintain Judges' calendars, and to maintain and disseminate other administrative information where the costs of such facilities or services are paid for by the estate.

Local Bankr. R. 5075-1(a).

10. Additionally, General Order M-409 of this Court (adopted on September 22, 2010),[2] requires the retention of an approved claims, balloting and noticing agent in a case having one thousand or more creditors. The Debtors estimate that they have over one thousand creditors. The engagement of Donlin Recano as the claims and noticing agent is therefore required under General Order M-409 and is otherwise permitted under 28 U.S.C. § 156(c), Bankruptcy Rule 2002, and Local Rule 5075-1.

11. Donlin Recano is a firm that specializes in noticing, ballot tabulation, and other administrative tasks in chapter 11 cases. The Debtors propose to retain Donlin Recano on substantially the terms and conditions set forth in the Retention Agreement between the Debtors and Donlin Recano, attached hereto as **Exhibit A**.

12. Donlin Recano has represented to the Debtors that it neither holds nor represents any interest adverse to the Debtors' respective estates on matters for which it is to be retained and employed and that it has no prior connection with the Debtors, except as disclosed in the Louis Recano Affidavit.

### IV. Services to Be Provided

13. The Debtors anticipate that Donlin Recano will undertake, *inter alia,* the following actions and procedures:

    (a) notify all potential creditors of the filing of the Debtors' bankruptcy petitions and of the setting of the date for the first meeting of creditors, pursuant to § 341(a) of the Bankruptcy Code, under the proper provisions of the Bankruptcy Code and the Bankruptcy Rules;

    (b) maintain an official copy of the Debtors' schedules of assets and liabilities and statement of financial affairs (collectively, the "Schedules") listing the Debtors' known creditors and the amounts

---

[2] Superseding General Order 192.

owed thereto;

(c) notify all potential creditors of the existence and amount of their respective claims, as evidenced by the Debtors' books and records and as set forth in the Schedules;

(d) furnish a notice of the last day for the filing of proofs of claim and a form for the filing of a proof of claim, after such notice and form are approved by this Court;

(e) maintain a post office box for the purpose of receiving claims;

(f) for all notices, file with the Clerk an affidavit or certificate of service which includes a copy of the notice, a list of persons to whom it was mailed (in alphabetical order), and the date mailed, within seven (7) days of service;

(g) docket all claims received by the Clerk's Office, maintain the official claims registers (the "Claims Registers") for each Debtor on behalf of the Clerk, and, upon the Clerk's request, provide the Clerk with certified duplicate unofficial Claims Registers;

(h) specify, in the applicable Claims Register, the following information for each claim docketed: (i) the claim number assigned, (ii) the date received, (iii) the name and address of the claimant and agent, if applicable, who filed the claim, (iv) the filed amount of the claim, if liquidated, and (v) the classification(s) of the claim (e.g. secured, unsecured, priority, etc.) according to the proof of claim;

(i) record all transfers of claims and provide any notices of such transfers required by Bankruptcy Rule 3001(e);

(j) relocate, by messenger, all of the court-filed proofs of claim to the offices of Donlin Recano, not less than weekly;

(k) upon completion of the docketing process for all claims received to date for each case, turn over to the Clerk copies of the Claims Registers for the Clerk's review (upon the Clerk's request);

(l) make changes in the Claims Registers pursuant to Court Order;

(m) maintain the official mailing list for each Debtor of all entities that have filed a proof of claim, which list shall be available upon request by a party-in-interest or the Clerk;

(n) assist with, among other things, solicitation and calculation of votes and distribution, as required in furtherance of confirmation of

plan(s) of reorganization or liquidation;

(o) thirty (30) days prior to the close of these cases, arrange to have submitted to the Court a proposed order dismissing Donlin Recano and terminating the services of Donlin Recano upon completion of its duties and responsibilities and upon the closing of these cases;

(p) file with the Court the final version of the Claims Registers immediately before the close of the Chapter 11 Cases; and

(q) at the close of the case, box and transport all original documents in proper format, as provided by the Clerk's office, to the Federal Archives Record Administration, located at Central Plains Region, 200 Space Center Drive, Lee's Summit, MO 64064.

14. The Claims Registers maintained by Donlin Recano shall be opened to the public for examination without charge during regular business hours.

15. In addition, the Debtors may utilize other services offered by Donlin Recano such as other disbursing and other related administrative services that may be requested by the Debtors, including but not limited to assisting the Debtors with the preparation of master creditor lists and any amendments thereto, and to the extent necessary, gathering data in conjunction with the preparation of the Debtors' Schedules.

16. The proposed fees to be charged by Donlin Recano are set forth in the Agreement. In connection with this engagement, Donlin Recano agreed to discount its fees by ten (10%) percent for the duration of the Chapter 11 Cases. The Debtors submit and believe that the rates to be charged by Donlin Recano for its services in connection with noticing, claims processing, and the solicitation process are competitive and either at or below the rates charged by its competitors. Prior to the filing of the Chapter 11 Cases, the Debtors have paid Donlin Recano a retainer of $20,000.00 (the "Retainer").

17. The Debtors request that the reasonable and actual fees and expenses of Donlin Recano incurred in the performance of the above-described services be treated as an

administrative expense of the Debtors' chapter 11 estates and be paid by the Debtors in the ordinary course of business, without the need to file any fee applications or otherwise seek Court approval for the compensation of its services and reimbursement of its expenses; <u>provided, however</u>, that Donlin shall apply the balance of its Retainer (after the payment of prepetition fees and expenses) against any postpetition fees and expenses prior to payment under any carve-out provided for in any cash collateral or financing orders entered in the Chapter 11 Cases.[3] Donlin Recano has informed the Debtors that it would maintain records of all services provided, showing dates, categories of services, fees charged, and expenses incurred and that it would serve monthly invoices on the Debtors, Counsel for the Debtors, the Office of the United States Trustee and any official committees that may be appointed in these Chapter 11 Cases.

18. In the event these Chapter 11 Cases are converted to cases under chapter 7 of the Bankruptcy Code, the Debtors request that Donlin Recano continue to be paid for its services until the claims filed in these cases have been completely processed, and that if claims agent representation is necessary in the converted chapter 7 cases, Donlin Recano would continue to be paid in accordance with 28 U.S.C. § 156(c).

### V. Donlin Recano's Disinterestedness

19. The Debtors have many creditors and parties in interest, and accordingly, Donlin Recano may have rendered and may continue to render services to certain of these creditors and parties in interest. Donlin Recano has not and will not represent the separate interests of any such creditor or party in interest in these cases. Additionally, Donlin Recano employees may, in the ordinary course of their personal affairs, have relationships with certain creditors of the

---

[3] As administrative agent and adjunct to the Court, the Debtors do not believe that Donlin Recano is a "professional" whose retention is subject to approval under section 327 of the Bankruptcy Code or whose compensation is subject to approval under sections 330 or 331 of the Bankruptcy Code.

Debtors. For example, one or more of Donlin Recano's employees may have obligations outstanding with financial institutions that are creditors of the Debtors.

20. To the best of the Debtors' knowledge, information, and belief, and except as disclosed in the Louis Recano Affidavit, the employees of Donlin Recano have no relationship to the Debtors, their creditors, or the United States Trustee for the Southern District of New York. In the Louis Recano Affidavit, Donlin Recano has represented that it neither holds nor represents any interest adverse to the Debtors' estates and that it is a "disinterested person," as referenced in section 327(a) of the Bankruptcy Code and as defined in section 101(14) and modified by section 1107(b) of the Bankruptcy Code.

21. Donlin Recano has informed the Debtors that it would not employ any past or present employee of the Debtors for work that involves the Debtors' bankruptcy proceedings.

22. For the foregoing reasons, the Debtors believe that the retention of Donlin Recano is in their best interest and the best interests of their estates, their creditors, and other parties in interest, and therefore, the Debtors desire to retain and to employ Donlin Recano as their claims, and noticing agent upon the terms set forth herein and in the Retention Agreement.

23. Upon information and belief, Donlin Recano represents, among other things, that:

    (a) it is not and will not be employed by any federal or state agency (the "Government") and will not seek any compensation from the Government;

    (b) by accepting employment in these Chapter 11 Cases, it waives any right to receive compensation from the Government;

    (c) it is not an agent of the Government and is not acting on behalf of the Government;

    (d) it will not misrepresent any fact to the public; and

    (e) it will not employ any past or present employees of the Debtors for work involved in these Chapter 11 Cases.

24. Donlin Recano will conduct an ongoing review of its files to ensure that no conflict or other disqualifying circumstances exist or arise. If any new facts or relations are discovered, Donlin Recano will supplement its disclosure with the Court.

## VI. Notice

25. Notice of this Motion has been provided to: (a) the office of the United States Trustee for the Southern District of New York; (b) counsel to the Administrative Agent for the Senior Lenders, Davis Polk & Wardwell LLP; (c) the creditors holding the thirty (30) largest unsecured claims against the Debtors' estates on a consolidated basis, as identified in the Debtors' chapter 11 petitions; and (d) all parties that have filed a notice of appearance or have requested service in these Chapter 11 Cases. In light of the nature of the relief requested herein and the potential harm to the Debtors' estates if the relief requested herein is not granted, the Debtors respectfully submit that no other or further notice need be provided.

## VII. No Prior Request

26. No prior application for the relief requested in this Motion has been made to this or any other court.

[*Signature Page Follows*]

WHEREFORE, the Debtors respectfully request the entry of an order, substantially in the form of the Proposed Order annexed hereto as **<u>Exhibit D</u>**, (a) granting the relief requested herein, and (b) granting such other and further relief to the Debtors as the Court may deem just and proper.

Dated: New York, New York
November 12, 2010

Respectfully submitted,

/s/ *Peter S. Partee, Sr.*
Peter S. Partee, Sr.
Jack A. Molenkamp
Andrew Kamensky (to be admitted *pro hac vice*)
Scott H. Bernstein
HUNTON & WILLIAMS LLP
200 Park Avenue, 53rd Floor
New York, New York 10166-0136
(212) 309-1000

*Proposed Counsel for the Debtors*
*and Debtors-in-Possession*