J. William Boone
John W. Spears
Alston & Bird LLP
90 Park Avenue
New York, NY 10016
(212) 210-9400

*Counsel for Bank of America, N.A., in its capacity as
Indenture Trustee or Paying Agent on Specific Equity Investments*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x
| | |
|---|---|
| IN RE: | : Chapter 11 |
| | : |
| CREDIT-BASED ASSET SERVICING | : Case No. 10-16040 (ALG) |
| AND SECURITIZATION, LLC., *et al.*, | : (Jointly Administered) |
| | : |
| Debtors. | : |

---------------------------------------------------------------------x

## BANK OF AMERICA, N.A.'S LIMITED OBJECTION TO DEBTORS' MOTION TO APPROVE THE SALE OR ABANDONMENT OF EQUITY INVESTMENTS

Bank of America, N.A., solely in its capacities as Indenture Trustee (the "Indenture Trustee") for C-BASS 2006-CB9-NIM (0) OTC, C-BASS 2007-CB4-NIM (0) OTC, C-BASS 2007-CB5-NIM (0) OTC (the "Trusts"), and paying agent for ABFCN 2002-SB1 (0) X ("Paying Agent" and, together with the Indenture Trustee, "BANA"), files this limited objection (the "Objection") to the *Motion of Debtors for Entry of an Order Authorizing and Approving the Sale or, in the Alternative, the Abandonment of the Equity Investments* [Docket No. 109] (the "Motion") filed by the debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"). In support of its Objection, BANA respectfully represents as follows:[1]

---

[1] Capitalized terms otherwise undefined in this Objection shall have the meaning ascribed to them in the Motion.

## LIMITED OBJECTION

1. BANA has raised with Debtors' counsel certain concerns regarding the Debtors' Motion, particularly the provisions of the proposed order (the "Proposed Order") that purport to vest any right, title, interest, duty of performance, or other obligation on BANA. BANA believes that the Debtors may be amenable to modifying the Proposed Order consistent with BANA's concerns. BANA nonetheless files this Objection to preserve its right to object and be heard at any hearing on the Motion should the Debtors not make such requested modifications to the Proposed Order. Separately, BANA has expressed its concern to the Debtors that there has been insufficient notice of the Motion and the relief requested therein to the underlying economic noteholders.

### The Debtors Cannot Force BANA to Take Title to the Equity Investments

2. The relief requested in the Motion, as reflected in the Proposed Order attached thereto, states that:

> The Debtors are authorized to abandon the Equity Investments *to the applicable Trustees* that, in their business judgment, are not necessary in their ongoing businesses, that are of inconsequential value to the estate, and cannot be sold prior to December 31, 2010.

Motion, Proposed Order, Ex. A ¶ 7 (emphasis added).[2]

3. In Exhibit B to the Motion, the Debtors ascribe the title "Issuance Trustee" to the trustees of the "Equity Investments," but that nomenclature is not used in the deal documents for the Equity Investments. Presuming that the Debtors are referring to the respective indenture trustees on each of the Equity Investments, the Indenture Trustee objects to the Motion to the extent that the Debtors have mischaracterized the terms and are attempting to transfer or

---

[2] The Proposed Order also seeks a finding that "H. A list identifying the Trustees to whom the Debtors are authorized to abandon the Equity Investments for which they cannot consummate a sale by December 31, 2010 is attached as **Exhibit B** to the Motion." As discussed in the body of this Objection, the proposed finding is objectionable because the Debtors cannot force BANA to take title to the Equity Investments.

otherwise vest title to the Equity Investments in the Indenture Trustee by stating that the Equity Investments are abandoned "to the applicable Trustees." The Debtors cannot transfer title to the Equity Investments in this manner under Section 554 of the Bankruptcy Code. Indeed, in the absence of a possessory interest held by a third party, property abandoned under Section 554 of the Bankrutpcy Code reverts to the debtor. 5 COLLIER ON BANKRUPTCY ¶ 554.02[3], at 554-6 (16th ed. 2010). Here, the Indenture Trustee has no possessory interest in the Equity Investments, and, consequently, the Debtors cannot abandon any of the Equity Investments to the Indenture Trustee nor can the Debtors force the Indenture Trustee to accept any ownership interest in the Equity Investments.[3] *See In re Contifinancial Corp.*, No. 00-12184, 2010 WL 2522732, at *3 (Bankr. S.D.N.Y. June 17, 2010) ("Abandonment under § 554 is to the party who has a possessory interest in the property."); *In re Tyler*, 15 B.R. 258, 260 (Bankr. E.D. Penn. 1981) ("[A]n order of abandonment acts only as an abandonment of the estate's interest in the property, not as an abandonment of the debtors' interest.").

**The Motion is Inaccurate in Specific Respects and Notice was Unfairly Short**

4. The Proposed Order includes a number of proposed findings of fact and conclusions of law that are inaccurate or unfair.

5. First, the Proposed Order states that notice was "good and proper." Proposed Order ¶ E.

6. Second, the Proposed Order includes a ruling that the stay required by Bankruptcy Rule 6004(h) is waived. Proposed Order ¶ 9.

7. These provisions are unfair to the parties that would be most affected by abandonment of the Equity Investments. The effect of abandonment may (or may not) have

---

[3] This Objection is equally applicable to the extent the Debtors seek to abandon the estate's interest in the Equity Investments to the Paying Agent.

negative tax consequences to the noteholders that are the Debtors' counterparties to the Equity Investments. The noteholders, who receive notice through the Indenture Trustee, simply have not had enough time to evaluate the Debtors' Motion, much less time to submit any response. There does not appear to be any effort on the Debtors' part to provide the noteholders with direct notice of the Motion; rather, the Indenture Trustee is left to its devices to provide notice to the noteholders on one week's notice from the Debtors. Certainly, these noteholders should not be deprived of the most basic protection provided by Bankruptcy Rule 6004(h) staying the effect of any abandonment for 14 days to provide them with some time to appeal or seek reconsideration. Given that the Debtors controlled the timing of the Motion, the noteholders should not be more prejudiced than they already are by the Motion being heard on such inadequate notice.

8. Second, the list of "Trustees" is inaccurate. Therefore, paragraphs H and M(iii) in the Proposed Order are inaccurate as well. Paragraph H purports to find that "the Trustees to whom the Debtors are authorized to abandon the Equity Investments" is on **Exhibit B** to the Motion. Paragraph M seeks a finding that the Motion complies with Local Bankruptcy Rule 6007-1 by "sufficiently describing . . . (iii) the entity to whom the property is proposed to be abandoned." Proposed Order ¶¶ H, M.

9. BANA is aware of at least one transaction where the Debtors' identification in Exhibit B is incorrect. For the Equity Investment listed as ABFCN 2002-SB1 (0) X, the Debtors identify BANA as the "Issuance Trustee." Presuming that Issuance Trustee for these purposes means the indenture trustee for the respective investment, the Debtors' statement is inaccurate because BANA resigned as indenture trustee on that Equity Investment, and remains only as Paying Agent. Upon information and belief, U.S. Bank National Association is the successor indenture trustee for this Trust.

10. Furthermore, neither the Indenture Trustee nor the Paying Agent can be forced to take the Equity Investments that the Debtors are proposing to abandon. Paragraphs H and M are therefore inaccurate and should not be included as provisions in the Proposed Order.

11. BANA objects to the Motion to the extent that the Debtors seek to impose specific duties on BANA other than to accept physical delivery of the Equity Investments for administrative purposes. The Debtors cite no authority for placing additional obligations on BANA, and BANA should have no obligations other than those set forth in the applicable deal documents.

12. BANA's duties and obligations are expressly set forth in the applicable deal documents, and if the Debtors are attempting to impose obligations on BANA other than those duties and obligations in the deal documents, BANA submits that the Debtors are without authority to do so. For example, the Proposed Order may be read to imply that BANA could become responsible for preparing and filing tax returns for the Trusts. Pursuant to the deal documents, however, BANA has no such obligation. The Debtors cite no authority remotely suggesting that new obligations can be imposed upon BANA under the auspices of Section 554 of the Bankruptcy Code.

**Proposed Alternate Order**

13. Attached as Exhibit 1 hereto is a proposed alternate order that is acceptable to BANA (the "Alternate Order"). Debtors' counsel has advised the undersigned that it will be submitting separate orders on each of the sale and abandonment aspects of its Motion. Consequently, it is not feasible to submit a redline of the Alternate Order against the Debtors' proposed order.

14. The Alternate Order has been previously submitted to Debtors' counsel, and

although the parties have communicated with each other, given the severely short period within which the Debtors have forced upon BANA, a final consensus has not yet been reached. If the Debtors do not lodge a revised Proposed Order substantially conforming to the Alternate Order, BANA requests that the Court grant the relief requested herein, and BANA reserves all its rights to: (i) object, appear, and be heard at the hearing on the Motion; and (ii) request that the Court enter the Alternate Order instead of Debtors' Proposed Order.

Dated: New York, New York
December 22, 2010

/s/     J. William Boone
J. William Boone
John W. Spears
Alston & Bird LLP
90 Park Avenue
New York, NY 10016
(212) 210-9400

*Counsel for Bank of America, N.A.,, in its capacity as Indenture Trustee or Paying Agent on Specific Equity Investments*