Hearing Date and Time: December 23, 2010 at 9:30am
Objection Deadline: December 22, 2010 at 5:00pm

DORSEY & WHITNEY LLP
250 Park Avenue
New York, New York 10177
Telephone: (212) 415-9200
Facsimile: (212) 953-7201
Eric Lopez Schnabel, Esq. (ES553)
Jessica D. Mikhailevich (JM1043)

Attorneys for U.S. Bank Trust National Association,
as Trustee and U.S. Bank National Association, as Trustee

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CREDIT-BASED ASSET SERVICING AND SECURITIZATION LLC, et al., | Case No. 10-16040 (ALG) |
| Debtors. | (Jointly Administered) |

**LIMITED OBJECTION OF U.S. BANK
AS TRUSTEE, TO MOTION OF DEBTORS FOR ENTRY OF AN ORDER
AUTHORIZING AND APPROVING THE SALE OR, IN THE ALTERNATIVE, THE
<u>ABANDONMENT OF THE EQUITY INVESTMENTS</u>**

U.S. Bank Trust National Association and U.S. Bank National Association, in their respective capacities as trustees (in such capacities, collectively, "<u>U.S. Bank</u>"), by its undersigned counsel, files this Limited Objection (this "<u>Objection</u>") to Motion of the Debtors for Entry of an Order Authorizing and Approving the Sale or, in the Alternative, the Abandonment of the Equity Investments [Docket No. 109] (the "<u>Second Abandonment Motion</u>").[1]

---

[1] Capitalized terms used herein and not otherwise defined shall have the meanings assigned to such terms in the Abandonment Motion.

4845-8166-0680\4

U.S. Bank objects to entry of an order approving the Second Abandonment Motion to the extent the Second Abandonment Motion (and the Proposed Order) seeks to (i) transfer legal title to any Equity Interest to U.S. Bank, (ii) impose any obligation on U.S. Bank other than U.S. Bank's current obligations under the governing documents (the "Constituent Documents") related to any of the Subject Equity Investments (as defined below), or (iii) modify any of the rights, duties or obligations of any party under any Constituent Document, and as discussed in more detail below. In support of this Objection, U.S. Bank states as follows:

## BACKGROUND

1. On November 12, 2010 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (this "Court").

2. The Debtors are authorized to continue to operate their businesses and manage their properties as debtors-in-possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. On the Petition Date, Debtors filed numerous "first day" motions, including the Motion of the Debtors and Debtors-in-Possession for Entry of an Order Authorizing Debtor C-Bass CBO Holding LLC to Abandon its Trust Securities [Docket No. 8] (the "First Abandonment Motion").

4. In connection with the First Abandonment Motion, U.S. Bank Trust National Association, in its capacity as "Owner Trustee" (the "Owner Trustee") gave notice of the First Abandonment Motion to the respective Indenture Trustees and the Securities Administrators of the applicable trusts, whom the Owner Trustee perceived to be the real parties in interest.

5. Additionally, on December 13, 2010, the Owner Trustee filed its Limited Objection [Docket No. 107] (the "First Objection") to the First Abandonment Motion arguing, *inter alia*, that the Debtor improperly sought to abandon certain "Trust Securities" **to** the Owner Trustee. The Debtors and the Owner Trustee subsequently resolved the First Objection by agreeing to a form of proposed order [Docket No. 125] (the "First Order") expressly providing that nothing therein shall "impose any new or additional duty or obligation (including without limitation any duty or obligation to prepare tax returns or other tax reports) on, or diminish the contractual or other applicable rights of . . . any of the Owner Trustees . . ." First Order ¶ 4.

6. On December 14, 2010, the Debtors filed the Second Abandonment Motion requesting authorization to sell certain "Equity Investments" (as defined in the Second Abandonment Motion, the "Equity Investments") to the highest bidder, or, alternatively, to "abandon any Equity Investments for which the Debtors cannot consummate a sale by December 31, 2010 **to** the applicable Trustees." Second Abandonment Motion ¶ 19 (emphasis added).

7. Based on the Second Abandonment Motion, Debtors assert that U.S. Bank National Association is an "Issuance Trustee" with respect to one or more of the Equity Investments (as described in more detail on Exhibit B to the Second Abandonment Motion, the "Subject Equity Investments").[2] Given the expedited nature of this Limited Objection, U.S. Bank is still confirming its capacity as "Issuance Trustee" or otherwise with respect to the Subject Equity Investments or any other Equity Investments. Accordingly, U.S. Bank reserves its right to amend this Limited Objection to the extent the Debtors have incorrectly listed (or failed to list)

---

[2] In addition to the Equity Investments for which U.S. Bank National Association is listed as "Issuance Trustee," U.S. Bank National Association believes it may be the Issuance Trustee with respect to 50% of the interest held by the Debtors in the Equity Investment described as "ABFCN 2002-SB1 (0) X" on Exhibit B to the Second Abandonment Motion. For purposes of this Motion, the term "Subject Equity Investment" includes such Equity Investment. The term Equity Investment shall also include any equity investment intended to be sold by the Debtors for which U.S. Bank is a trustee but which is ultimately abandoned, as defined within the Proposed

-3-

U.S. Bank National Association or U.S. Bank Trust National Association, as a trustee with respect to any Equity Investment.

8. U.S. Bank believes that it has no responsibility to prepare or file any tax return for the Subject Equity Investments, but is still reviewing all of the Constituent Documents to confirm this understanding.

9. U.S. Bank and the Debtors have reached a tentative agreement to modify the Proposed Order attached as <u>Exhibit A</u> to the Second Abandonment Motion (the "<u>Proposed Order</u>") in accordance with the First Order and to address additional concerns. U.S. Bank has filed this Limited Objection to preserve its rights with respect to the Second Abandonment Motion and continues in discussions with the Debtors in an attempt to resolve consensually additional issues.

## **LIMITED OBJECTION**

10. U.S. Bank objects to the Second Abandonment Motion and the Proposed Order to the extent it (i) seeks to transfer any right, title, interest, duty of performance or other obligation on U.S. Bank, (ii) seeks to direct or impose (or implies) any obligations or duties on U.S. Bank other than those set forth in the Constituent Documents, including, without limitation, tax-reporting obligations, (iii) fails to provide adequate and timely notice to any person or entity with an interest in the subject matter of the Second Abandonment Motion, (iv) diminishes any of the rights of U.S. Bank under the Constituent Documents or applicable law, (v) otherwise modifies any of the parties' respective rights and duties under the applicable Constituent Documents, including, without limitation, any duties or obligations related to the transfer of any Equity Investment to the "Purchaser" (as defined in the Second Abandonment Motion), (vi) does not

---

Order.

-4-

provide that to the extent the Debtor abandons 100% of any debt securities for which U.S. Bank is the trustee, U.S. Bank may deem such debt securities to be paid in full (vii) does not confirm U.S. Bank's right under applicable law to seek instruction in Minnesota state courts in the event that U.S. Bank deems it necessary to seek direction from the owner of any Subject Equity Investments after abandonment of such security by the Debtors, or (viii) does not confirm U.S. Bank's right under applicable law to escheat the abandoned Subject Equity Investments.

## LEGAL BASIS FOR LIMITED OBJECTION

11. Although the Bankruptcy Code and other applicable law permits the Debtors to abandon the Equity Investments, the abandonment of the Equity Investments does not vest any right, title, interest, duty of performance or other obligation on U.S. Bank. In the absence of a possessory interest held by a third party, property abandoned under section 554 reverts to the debtor. 5 Collier on Bankruptcy ¶ 554.02[3] (Alan N. Resnick and Henry J. Sommer, 16th ed.). Here, U.S. Bank has no possessory interest in any of the Trust Securities, and, consequently, the Debtors cannot abandon any of the Equity Investments (including the Subject Equity Investments) **to** U.S. Bank. *See In re Tyler*, 15 B.R. 258, 260 (Bankr. E.D. Penn. 1981) ("[A]n order of abandonment acts only as an abandonment of the estate's interest in the property, not as an abandonment of the debtors' interest."); *see also Sherrell v. Fleet Bank of New York (In re Harold Sherrell)*, 1996 WL 550169, at *5, Case No. 95-MISC.-3530 (N.D.N.Y. September 23, 1996). Accordingly, U.S. Bank objects to the Second Abandonment Motion and the Proposed Order to the extent it seeks to transfer any right, title, interest in any Subject Equity Investment to U.S. Bank.

12. U.S. Bank also objects to the Second Abandonment Motion and the Proposed Order to the extent it implies that U.S. Bank will be responsible for preparing and filing tax

returns for the Subject Equity Investments. Subject to further review of the applicable Constituent Documents, U.S. Bank does not believe it has any obligation to prepare or file any tax return for the Subject Equity Investments, and the Debtors cite no authority to the contrary.

13. In contrast to the First Abandonment Motion, the Second Abandonment Motion is on an extremely accelerated time schedule. There is no reason that the Court cannot hold a hearing on a more reasonable time table and enter the order *nunc pro tunc* to the end of the year.

14. U.S. Bank further objects to the Second Abandonment Motion and the Proposed Order to the extent it modifies any of the parties' respective rights and duties under the applicable Constituent Documents, including, without limitation, any duties or obligations related to the transfer of any Equity Investment to the "Purchaser" (as defined in the Second Abandonment Motion).

15. In addition to the objections set forth above, U.S. Bank submits that the abandonment of the Equity Investments by the Debtors threatens to hinder U.S. Bank's ability to continue to perform its duties as the trustee for the Subject Equity Investments. Pursuant to the applicable Constituent Documents, under certain circumstances, U.S. Bank is authorized to take direction from the owner of the Subject Equity Investments. Upon the abandonment of such Subject Equity Investments, the Debtors will no longer provide such direction to U.S. Bank. Minnesota law provides that "[a] trustee of an express trust by will or other written instrument or a person interested in the trust may petition the district court for an order . . . to instruct the trustee, beneficiaries, and any other interested parties in any matter relating to the administration of the trust and the discharge of the trustee's duties." Minn. Stat. § 501B.16(23) (2008). Accordingly, U.S. Bank seeks confirmation that U.S. Bank's right under applicable law to seek instruction in the district courts of the State of Minnesota is not affected by the Proposed Order.

16. In addition, U.S. Bank faces the practical problem of what to do with the Subject Equity Investments upon termination of the respective trusts. Accordingly, U.S. Bank seeks confirmation that the Proposed Order does not diminish U.S. Bank's right under applicable law to escheat any unowned Subject Equity Investments.

17. Additionally, to the extent the Debtor abandons 100% of any debt securities for which U.S. Bank is the trustee, U.S. Bank seeks confirmation that it may deem such debt securities to be paid in full.

18. U.S. Bank reserves its right to amend this Limited Objection or file an additional objection to the entry of the Debtors' Proposed Order for the reasons set forth above and for other reasons as may be determined by U.S. Bank upon further review of the Constituent Documents and related considerations.

[The remainder of this page is blank.]

WHEREFORE, U.S. Bank requests that entry of an order approving the Second Abandonment Motion be denied (A) to the extent such order (i) seeks to transfer any right, title, interest, duty of performance or other obligation on U.S. Bank, (ii) seeks to direct or impose (or implies) any obligations or duties on U.S. Bank other than those set forth in the Constituent Documents, including, without limitation, tax-reporting obligations, (iii) diminishes any of the rights of U.S. Bank under the Constituent Documents or applicable law, (iv) otherwise modifies any of the parties' respective rights and duties under the applicable Constituent Documents, including, without limitation, any duties or obligations related to the transfer of any Equity Investment to the "Purchaser" (as defined in the Second Abandonment Motion), (v) does not confirm U.S. Bank's right under applicable law to seek instruction in Minnesota state courts in the event that U.S. Bank deems it necessary to seek direction from the owner of any Subject Equity Investments after abandonment of such security by the Debtors, (vi) does not provide that to the extent the Debtor abandons 100% of any debt securities for which U.S. Bank is the issuance trustee, U.S. Bank may deem such debt securities to be paid in full, or (vii) does not confirm U.S. Bank's right under applicable law to escheat the abandoned Subject Equity Investments; or (B) to the extent the Court finds that the Debtors failed to provide adequate and timely notice to any person or entity with an interest in the subject matter of the Second Abandonment Motion.

Dated: December 22, 2010

By: /s/ Eric Lopez Schnabel
Eric Lopez Schnabel, Esq. (ES553)
Jessica D. Mikhailevich (JM1043)
DORSEY & WHITNEY LLP
250 Park Avenue
New York, NY 10177
Telephone: (212) 415-9200
Facsimile: (212) 953-7201

Attorneys for U.S. Bank Trust National Association, as Trustee and U.S. Bank National Association, as Trustee