UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

_____

In re:                                                    )
                                                          )    Chapter 11
CREDIT-BASED ASSET SERVICING                              )
AND SECURITIZATION LLC, <u>et al.</u>,                    )    Case No. 10-16040 (ALG)
                                                          )
                                   Debtors.[1]            )    (Jointly Administered)
                                                          )
_____                   )

## ORDER AUTHORIZING AND APPROVING THE ABANDONMENT OF CERTAIN EQUITY INVESTMENTS AND OTHER SECURITIES

Upon consideration of the motion (the "<u>Motion</u>")[2] [Docket No. 109] of the debtors and debtors-in-possession (collectively, the "<u>Debtors</u>") in the above-captioned cases, for the entry of an order, pursuant to sections 105, 363 and 554(a) of the Bankruptcy Code, Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and Rule 6007-1 of the Local Rules for the Bankruptcy Court of the Southern District of New York (the "<u>Local Rules</u>"), (i) authorizing and approving the sale of the Equity Investments to the buyer or buyers offering the highest and best bid for such items free and clear of all interests, claims, liens, security interests, other encumbrances, rights of setoff and recoupment and other defenses (collectively, the "<u>Liens</u>") or (ii), in the alternative, authorizing the Debtors to abandon the Equity Investments for which they cannot consummate a sale by December 31, 2010; and the Court having held a hearing (the "<u>Hearing</u>") on approval of the abandonment relief requested in the Motion; and the Court finding that (a) it has jurisdiction to consider the Motion pursuant to 28 U.S.C. § 1334 and the *Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York* dated July 10, 1984 (Ward, Acting C.J.); (b) venue

---

[1]        The other Debtors are C-BASS CBO Holding LLC, C-BASS Credit Corp., C-BASS Investment Management LLC, NIM I LLC, Pledged Property II LLC, Starfish Management Group LLC, and Sunfish Management Group LLC.

[2]        Capitalized terms not defined herein shall have the meanings ascribed to such terms in the Motion.

of these chapter 11 cases and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; (c) this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (d) the abandonment relief requested in the Motion and herein is in the best interests of the Debtors, their estates, and their creditors; and (e) adequate notice of the relief requested in the Motion and herein has been provided and no further or other notice is necessary except as set forth herein; and the Court having determined that the factual and legal bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** as set forth herein.

2. The Debtors shall be, and hereby are, authorized and directed irrevocably and absolutely to abandon, relinquish and surrender all of their right, title and interest in and to each of the Equity Investments and other securities identified on **Exhibit A** hereto (collectively, the "Abandoned Securities").

3. The Debtors shall be, and hereby are, authorized and directed to deliver the Abandoned Securities to the applicable trustees as identified on Exhibit A (collectively, the "Trustees") within five business days of January 12, 2011, said delivery for administrative purposes only. To the extent the Debtors abandon and deliver Abandoned Securities consisting of debt securities as provided in the preceding sentence, the Trustees may deem such Abandoned Securities to be no longer outstanding for purposes of the applicable indentures.

4. Nothing herein shall constitute any deemed or actual transfer of title, ownership or any other interest in the Abandoned Securities to, impose any new or additional duty or obligation (including without limitation any duty or obligation to prepare tax returns or other tax reports) on, or diminish or alter the contractual terms, rights or requirements under the

applicable documents, or other applicable rights of, (i) any of the Trustees, (ii) any of the Senior Lenders, or (iii) the Administrative Agent under the Senior Credit Facility.

5.      Consistent with its irrevocable abandonment of the Abandoned Securities, the Debtors shall not be entitled to any further economic or other benefits with respect to the Abandoned Securities, including without limitation any future distributions with respect to the Abandoned Securities, and shall receive no consideration for the Abandoned Securities.

6.      The Administrative Agent under the Senior Credit Facility and the Senior Lenders hereby irrevocably and absolutely release any and all liens, security interests and other encumbrances they hold on the Abandoned Securities as collateral security for the Senior Credit Facility.

7.      Immediately following entry of this Order, the Debtors shall serve this Order by e-mail, fax or overnight mail on the following parties (collectively, the "Service Parties"): (a) Susan Golden, Esq. (Susan.Golden@usdoj.gov), Office of the United States Trustee, 33 Whitehall Street, 21st Floor, New York, NY 10004; (b) Davis Polk & Wardwell LLP, Attn: Damian S. Schaible, Esq. (damian.schaible@davispolk.com), counsel to the Administrative Agent, 450 Lexington Avenue, New York, NY 10017; (c) Hahn & Hessen LLP, Attn: Mark T. Power, Esq. (MPower@hahnhessen.com) and Jeffrey Zawadzki, Esq. (JZawadzki@hahnhessen.com), proposed counsel to the Committee, 488 Madison Avenue, New York, NY 10022; (d) counsel for the Trustees identified on Exhibit A; and (e) all parties who have filed notices of appearance as reflected on the electronic docket in these chapter 11 cases.

8.      This Order shall become effective without further hearing before or order of the Court at 4:00 p.m. Eastern Time on December 31, 2010 unless either a Trustee or a party in interest files and serves an objection to the relief granted herein on or before January 12, 2011 at

4:00 p.m. Eastern Time.  If an objection is timely filed, the Court shall schedule a hearing on the objection on a date and at a time to be determined.  If any such objection is overruled at the hearing thereon, the relief granted herein shall be effective *nunc pro tunc* to December 31, 2010.

9.     The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

New York, New York
December 23, 2010

    */s/ Allan L. Gropper*              
THE HONORABLE ALLAN L. GROPPER
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT A

## ABANDONED SECURITIES

**DESCRIPTION OF CBO EQUITY INVESTMENTS**

| Name of Equity Investment | Percentage Interest Held by Debtors | Trustee |
|---|---|---|
| C-BASS-CBO VII-LTD (0) PREF | 100% | Bank of New York Mellon |
| C-BASS-CBO XII-LTD (0) PREF | 100% | Bank of New York Mellon |
| C-BASS CBO XV-LTD (0) PREF | 100% | Bank of New York Mellon |

**DESCRIPTION OF NIM EQUITY INVESTMENTS**

| Name of Equity Investment | Percentage Interest Held by Debtors | Trustee |
|---|---|---|
| ABFCN 2001-AQ1 (0) EQUIT | 100% | Deutsche Bank National Trust Company |
| ABFCN 2002-SB1 (0) X | 50% | U.S. Bank Trust National Association |
| ABFCN 2004-AHL1 (0) OTC | 50% | Bank of New York Mellon |
| C-BASS 2005-CB4-NIM (0) OTC | 100% | Bank of New York Mellon |
| C-BASS 2006-CB6-NIM (0) OTC | 100% | U.S. Bank Trust National Association |
| C-BASS 2006-CB8-NIM (0) OTC | 100% | U.S. Bank Trust National Association |
| C-BASS 2006-CB9-NIM (0) OTC | 100% | Bank of America Merrill Lynch |
| C-BASS 2007-CB4-NIM (0) OTC | 100% | Bank of America Merrill Lynch |
| C-BASS 2007-CB5-NIM (0) OTC | 100% | Bank of America Merrill Lynch |
| CWABS 2005-BC4-NIM (0) OTC | 8.50% | Bank of New York Mellon |
| CWL 2005-10NIM (0) OTC | 18.70% | Bank of New York Mellon |
| FINAN 2004-1 (ALL) OTC | 12% | U.S. Bank Trust National Association |
| FRENT 2005-2 (0) PREF | 50.87% | Deutsche Bank National Trust Company |
| GEWMC 2005-01NIM (0) OTC | 33% | Bank of New York Mellon |
| GSAMP 2005-HE5-NIM (0) OTC | 25% | Deutsche Bank National Trust Company |
| JPMAC-NIM 2005-FRE1 (0) OTC | 100% | Bank of New York Mellon |
| OWNIT 2005-NIM3 (0) OTC | 50% | Wells Fargo Bank National Association |
| OWNIT 2005-NIM4 (0) OTC | 50% | Wells Fargo Bank National Association |
| OWNIT 2005-NIM5 (0) OTC | 49.75% | Wells Fargo Bank National Association |
| SHARPS-NIM 2004-RM2N (0) OTC | 50% | Wells Fargo Bank National Association |
| SVHEN 2006-01 (0) OTC | 50% | Deutsche Bank National Trust Company |

**DESCRIPTION OF OTHER ABANDONED SECURITIES**

| Name of Other Security | Percentage Interest Held by Debtors | Trustee |
|---|---|---|
| ABFCN 2001-AQ1, N | 45.71% | Deutsche Bank National Trust Company |
| CBASS 2005-CB4-NIM, NIM | 72.97% | Bank of New York Mellon |
| CBASS 2006-CB1-NIM, NOTES | 100.00% | U.S. Bank Trust National Association |
| CBASS 2006-CB8-NIM, NOTES | 100.00% | U.S. Bank Trust National Association |
| CBASS 2006-CB9-NIM, NOTES | 100.00% | Bank of America Merrill Lynch |
| CBASS 2007-CB2-NIM, NOTES | 37.04% | Bank of America Merrill Lynch |
| CWL 2002-5, N | 50.00% | Bank of New York Mellon |
| FINAN 2004-1, B | 12.00% | U.S. Bank Trust National Association |
| OWNIT 2005-NIM2, N | 50.00% | Wells Fargo Bank National Association |
| SVHEN 2006-01, N4 | 50.00% | Deutsche Bank National Trust Company |