UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:                                                ) Chapter 11
                                                      )
CREDIT-BASED ASSET SERVICING                          ) Case No. 10-16040 (ALG)
AND SECURITIZATION LLC, <u>et al.</u>,                )
                                                      ) (Jointly Administered)
                          Debtors.[1]                 )

# ORDER AUTHORIZING THE SALE OF CERTAIN EQUITY INVESTMENTS AND CERTAIN ADDITIONAL SECURITIES

Upon consideration of the motion (the "<u>Motion</u>")[2] [Docket No. 109] of the debtors and debtors-in-possession (collectively, the "<u>Debtors</u>") in the above-captioned cases, for the entry of an order, pursuant to sections 105, 363 and 554(a) of the Bankruptcy Code, Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and Rule 6007-1 of the Local Rules for the Bankruptcy Court of the Southern District of New York (the "<u>Local Rules</u>"), (i) authorizing and approving the sale of the Equity Investments to the buyer or buyers offering the highest and best bid for such items free and clear of all interests, claims, liens, security interests, other encumbrances, rights of setoff and recoupment and other defenses (collectively, "<u>Liens</u>") pursuant to section 363(f) of the Bankruptcy Code, which Liens shall attach to the proceeds of the Equity Investments or (ii), in the alternative, authorizing the Debtors to abandon the Equity Investments for which they cannot consummate a sale by December 31, 2010; and the Court having held a hearing on approval of the relief requested in the Motion and as set forth herein; and based on the Declaration of Andrew Rickert in support of the Motion and the relief

---

[1] The other Debtors are C-BASS CBO Holding LLC, C-BASS Credit Corp., C-BASS Investment Management LLC, NIM I LLC, Pledged Property II LLC, Starfish Management Group LLC, and Sunfish Management Group LLC.

[2] Capitalized terms used, but not defined herein shall have the meanings ascribed to them in the Motion.

set forth herein, the statements of counsel, and the record established at the hearing, it is accordingly hereby

**FOUND AND DETERMINED THAT:**

A.     The Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. § 1334 and the *Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York* dated July 10, 1984 (Ward, Acting C.J.).

B.     Venue of these chapter 11 cases and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

C.     This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

D.     Notice of the Motion and the hearing to consider approval of the sale or abandonment of the Equity Investments has been given to all persons or entities entitled thereto in accordance with the requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of this Court and orders of this Court, and the form, manner and sufficiency if such notice was good and proper under the circumstances and no other or further notice of the relief requested in the Motion is required.

E.     The Debtors received an "all or none" offer (the "Winning Bid") to purchase certain of the Equity Investments (the "Specified Equity Investments") and certain additional securities that technically do not fall within the definition of "Equity Investments" as used in the Motion (the "Additional Securities"; together with the Specified Equity Investments, the "Purchased Securities") for a cash purchase price of $1,056,251.51 from HBK Master Fund, L.P. (the "Proposed Purchaser"), which is completely unaffiliated by ownership or control with any of the Debtors. The Winning Bid is valid by its

terms only until December 30, 2010 at 4:00 p.m. A true and complete list of the Purchased Securities is annexed hereto as **Exhibit A**.

F. Because the Additional Securities do not fall within the definition of "Equity Investments" as used in the Motion, the additional notice and opportunity for a hearing provided for herein with respect to the inclusion of the Additional Securities in the sale to the Proposed Purchaser is necessary and proper. Given the time constraints of the Winning Bid and the consent to the relief set forth herein by the Administrative Agent, the Senior Lenders under the Senior Credit Facility, and the Official Committee of Unsecured Creditors (the "Committee"), such additional notice and opportunity for a hearing with respect to the sale of the Additional Securities is sufficient.

G. The Debtors have shown good and sufficient business justification for the relief requested in the Motion and as provided for herein.

H. The Proposed Purchaser is a good faith purchaser under section 363(m) of the Bankruptcy Code.

I. Entry of this Order and the relief provided herein is in the best interests of the Debtors and their respective estates and creditors; it is accordingly hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is **GRANTED** as set forth herein.

2. Unless an objection to the relief granted herein is filed and served on the Service Parties (as defined in paragraph 3 below) or before December 29, 2010 at 4:00 p.m. Eastern Time, the Debtors are authorized to sell the Purchased Securities to the Proposed Purchaser in accordance with the terms of the Winning Bid, free and clear of all Liens pursuant to section 363(f) of the Bankruptcy Code and, for the avoidance of doubt, such Liens shall attach to the proceeds of such Purchased Securities with the same validity, force and effect. If an objection is

timely filed, the Court shall conduct a hearing on the objection on December 30, 2010 at 10:00 a.m. Eastern Time.

3. Immediately following entry of this Order, the Debtors shall serve this Order by e-mail, fax or overnight mail on the following parties (collectively, the "Service Parties"): (a) Susan Golden, Esq. (Susan.Golden@usdoj.gov), Office of the United States Trustee, 33 Whitehall Street, 21st Floor, New York, NY 10004; (b) Davis Polk & Wardwell LLP, Attn: Damian S. Schaible, Esq. (damian.schaible@davispolk.com), counsel to the Administrative Agent, 450 Lexington Avenue, New York, NY 10017; (c) Hahn & Hessen LLP, Attn: Mark T. Power, Esq. (MPower@hahnhessen.com) and Jeffrey Zawadzki, Esq. (JZawadzki@hahnhessen.com), proposed counsel to the Committee, 488 Madison Avenue, New York, NY 10022; and (d) all parties who have filed notices of appearance as reflected on the electronic docket in these chapter 11 cases.

4. In the absence of a timely filed and served objection as set forth herein, (i) the Debtors shall be and hereby are authorized to execute and deliver, and empowered to perform under, consummate and implement, any instruments and documents that may be reasonably necessary or desirable to consummate the sale of the Purchased Securities to the Proposed Purchaser in accordance with the terms of the Winning Bid, (ii) the transfer of the Purchased Securities to the Proposed Purchaser constitutes a legal, valid and effective transfer of the Purchased Securities, and shall vest the Proposed Purchaser with all right, title and interest of the Debtors in and to the Purchased Securities, free and clear of all Liens pursuant to section 363(f) of the Bankruptcy Code, which Liens shall attach to the proceeds of such Purchased Securities with the same validity, force and effect, (iii) the Proposed Purchaser is entitled to the protections afforded by section 363(m) of the Bankruptcy Code in the event of a reversal or modification on

appeal of this Order, and (iv) the Proposed Purchaser shall be deemed to have consented to the jurisdiction of this Court.

5. Nothing herein shall diminish or alter the parties' respective rights and duties under the documents creating, governing or otherwise relating to the Purchased Securities.

6. This Court shall retain jurisdiction to interpret, construe and enforce the terms and provisions of this Order in all respects, including without limitation, to decide any disputes arising between the Debtors, on the one hand, and the Proposed Purchaser, on the other, with respect thereto. This retention of jurisdiction shall not be deemed to extend to any dispute that does not involve the interpretation, construction, enforcement and/or effect of this Order.

7. The stay of an order authorizing the use, sale or lease of property as provided for in Bankruptcy Rule 6004(h) shall not apply to this Order, and this Order shall be immediately effective and enforceable absent the filing of a timely objection as set forth herein.

Dated: New York, New York
December 23, 2010

                                             */s/ Allan L. Gropper*
                                             THE HONORABLE ALLAN L. GROPPER
                                             UNITED STATES BANKRUPTCY JUDGE