UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | Chapter 11 |
| CREDIT-BASED ASSET SERVICING AND SECURITIZATION LLC, et al., | Case No. 10-16040 (ALG) |
| Debtors.[1] | (Jointly Administered) |

## ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF EMPHASYS TECHNOLOGIES, INC. TO PROVIDE SECURITIZATION RELATED TAX SERVICES *NUNC PRO TUNC* TO THE PETITION DATE

Upon consideration of the application (the "Application")[2] of the debtors and debtors-in-possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") for entry of an order, *inter alia*, authorizing the Debtors to employ and retain EmphaSys Technologies, Inc. ("ETI") to provide securitization related tax services effective *nunc pro tunc* to November 12, 2010 (the "Petition Date"), on the terms and conditions set forth in that certain engagement letter between the Debtors and ETI (the "Engagement Letter"), a copy of which is annexed to the *Declaration of Jeffrey A. Stone II* (the "Stone Declaration") as **Exhibit 1**, all as more fully set forth in the Application; and upon consideration of the Stone Declaration; and the Court having held a hearing on January 13, 2011 (the "Hearing") on approval of the relief requested in the Application and having considered the arguments of counsel made, and the evidence submitted, proffered or adduced at the Hearing; and the Court finding that (i) it has jurisdiction over the matters raised in the Application pursuant to 28 U.S.C. § 1334 and the *Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the*

---

[1] The other Debtors are C-BASS CBO Holding LLC, C-BASS Credit Corp., C-BASS Investment Management LLC, NIM I LLC, Pledged Property II LLC, Starfish Management Group LLC, and Sunfish Management Group LLC.

[2] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to such terms in the Application

*Southern District of New York* dated July 10, 1984 (Ward, Acting C.J.), (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (iii) venue of the Chapter 11 Cases and the Application is proper pursuant to 28 U.S.C. §§ 1408 and 1409, (iv) the relief requested in the Application is in the best interests of the Debtors, their estates, their creditors and other parties in interest, (v) proper and adequate notice of the Application and the Hearing has been given and that no other or further notice is necessary, (vi) ETI represents and holds no interest materially adverse to the Debtors or their estates and is disinterested under section 101(14) of the Bankruptcy Code (as modified by section 1107(b) of the Bankruptcy Code) and as required by section 327(a) of the Bankruptcy Code, (vii) any objections to the relief requested in the Application have been withdrawn or overruled on the merits, and (viii) good and sufficient cause exists for the granting of the relief requested in the Application after having given due deliberation upon the Application and the Stone Declaration, and all of the proceedings had before the Court in connection with the Application. Therefore,

      IT HEREBY IS ORDERED THAT:

1. The Application shall be, and hereby is, GRANTED to the extent set forth herein.

2. The Debtors shall be, and hereby are, authorized to retain and employ ETI to provide securitization related tax services effective *nunc pro tunc* to the Petition Date in accordance with the terms and conditions set forth in the Application and in the Engagement Letter.

3. ETI shall be, and hereby is, authorized to provide securitization related tax services to the Debtors as described in the Application and in the Stone Declaration, including, without limitation, the following:

      a) Perform original issue discount ("<u>OID</u>") and/or excess inclusion income tax calculations for various Real Estate Mortgage

Investment Conduit ("REMIC")/Real Estate Investment Trust ("REIT") securitizations; and

    b) for REIT taxable mortgage pools, complete a quarterly tax balance sheet and income statement along with the excess inclusion income figures for each REIT securitization and OID figures for each REMIC securitization.

4. ETI shall apply for compensation for professional services rendered in connection with the Chapter 11 Cases in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the guidelines established by the Office of the United States Trustee for the Southern District of New York, and such other procedures as may be fixed by Order of this Court.

5. ETI shall be paid fixed fees for its services as set forth in the Engagement Letter, and ETI's compensation shall be subject to the standard of review provided in section 328(a) of the Bankruptcy Code and shall not be subject to the standard of review set forth in section 330 of the Bankruptcy Code; provided, however, that the United States Trustee retains all rights to object to ETI's interim and final fee applications (including expense reimbursements) on all grounds including but not limited to the reasonableness standard provided for in section 330 of the Bankruptcy Code.

6. ETI shall provide ten (10) business days' notice to the Debtors, the United States Trustee for the Southern District of New York, and counsel to the Official Committee of Unsecured Creditors appointed in these Chapter 11 Cases prior to any increases in the rates set forth in the Application and such notice must be filed with this Court.

7. To the extent that there may be any inconsistency between the terms of the Application, the Engagement Letter, the Stone Declaration, and this Order, the terms of this Order shall govern.

8. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: New York, New York
January 13, 2011

     */s/ Allan L. Gropper*
THE HONORABLE ALLAN L. GROPPER
UNITED STATES BANKRUPTCY JUDGE