David W. Dykhouse
Brian P. Guiney
**PATTERSON BELKNAP WEBB & TYLER LLP**
1133 Avenue of the Americas
New York, New York 10036-6710
Telephone: (212) 336-2000
Fax: (212) 336-2222

Attorneys for Syncora Guarantee Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ x
: 
In re: : Chapter 11
: 
CREDIT-BASED ASSET SERVICING : Case No. 10-16040 (AJG)
AND SECURITIZATION LLC, et al., :
: Jointly Administered
Debtors. :
: 
------------------------------------ x

**OBJECTION OF SYNCORA GUARANTEE INC.
TO MOTION OF DEBTORS FOR ENTRY OF AN ORDER
(I) SCHEDULING A HEARING TO CONSIDER (A) APPROVAL OF
DISCLOSURE STATEMENT ON SHORTENED NOTICE AND (B) APPROVAL
OF SOLICITATION AND TABULATION PROCEDURES, (II) APPROVING FORM AND
MANNER OF NOTICE THEREOF, AND (III) ESTABLISHING DEADLINE AND PROCEDURES FOR
OBJECTIONS TO DISCLOSURE STATEMENT AND SOLICITATION AND TABULATION PROCEDURES**

Syncora Guarantee Inc., formerly known as XL Capital Assurance, Inc. ("Syncora"), a creditor and party in interest in the jointly-administered cases of the above-captioned debtors ("Debtors"), by its undersigned counsel, hereby submits this objection ("Objection") to the *Motion of Debtors for Entry of an Order (I) Scheduling a Hearing to Consider (A) Approval of Disclosure Statement on Shortened Notice and (B) Approval of Solicitation and Tabulation Procedures, (II) Approving Form and Manner of Notice Thereof, and (III) Establishing Deadline and Procedures for Objections to Disclosure Statement and Solicitation and Tabulation Procedures* dated February 9, 2011 ("Motion to Shorten"). In support of its Objection, Syncora respectfully states as follows:

## PRELIMINARY STATEMENT

1. The Motion to Shorten seeks extraordinary relief from this Court. Despite express statutory language that requires 28 days' notice of a hearing to consider the adequacy of a disclosure statement, *see* Fed. R. Bankr. P. 2002(b) and 3017(a), the Debtors seek approval of the *Disclosure Statement with Respect to the Debtors' Joint Chapter 11 Plan*, dated February 8, 2011 (Docket No. 215) ("Disclosure Statement") on a drastically accelerated basis. If the Motion to Shorten is approved, creditors would have no more than 14 days' notice of the hearing to consider the adequacy of the Disclosure Statement. The Debtors' proffered justification for this sudden sprint towards confirmation does not withstand even passing scrutiny. Indeed, if a desire to manage administrative costs and a contractual obligation related to a confirmation milestone that the Debtors have known about for almost five months constituted "cause" under Rule 9006(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), then the 28-day notice period prescribed by those Bankruptcy Rules would be meaningless.

2. The Debtors also unfairly downplay the prejudice to creditors that would result from shortening the notice period. While the key constituencies in these cases may have had ample time to assess the draft documents that culminated in the Disclosure Statement and *Debtors' Joint Chapter 11 Plan*, also dated February 8, 2011 (Docket No. 216) ("Plan"), others have not. Without daily access to the Debtors' professionals, business principals and confidential information that is likely enjoyed by those key parties, even large, sophisticated creditors such as Syncora cannot properly assess the adequacy of the Disclosure Statement within the short window of time that the Debtors propose. Syncora therefore requests that the Motion to Shorten be denied and that the Court schedule a hearing on the Disclosure Statement on at least 28 days' notice.

## BACKGROUND

3. Syncora is a financial guaranty insurance company organized under the laws of the State of New York, with its principal place of business at 825 Eighth Avenue, New York, New York 10019-7416.

4. Pursuant to a Pooling and Servicing Agreement ("P&A Agreement") dated February 1, 2007 among C-BASS ABS, LLC ("Depositor") as depositor, Credit-Based Asset Servicing and Securitization LLC ("C-BASS"), one of the Debtors, as seller, Litton Loan Servicing LP ("Servicer"), as servicer, and U.S. Bank National Association ("Trustee") as trustee, C-BASS sold multiple classes of certificates ("Certificates") representing beneficial ownership interests in a trust fund consisting primarily of a segregated pool of one-to-four family, fixed-rate mortgage loans, secured by second liens on residential properties ("Transaction"). The Transaction was known as "C-BASS Mortgage Loan Asset-Backed Certificates, Series 2007-SL1."

5. In order to enhance the marketability of certain classes of the Certificates, the Class A-1 and Class A-2 Certificates (collectively, "Insured Certificates") received the benefit of a financial guaranty insurance policy issued by Syncora. Pursuant to an Insurance and Indemnity Agreement ("I&I Agreement") dated March 19, 2007 among Syncora, C-BASS, Depositor, Servicer and the Trustee, Syncora agreed to issue an insurance policy in favor of the Trustee for the benefit of the holders of the Insured Certificates. On that same date, Syncora issued Financial Guaranty Insurance Policy No. CA03627A ("Policy" and, together with the P&A Agreement, the I&I Agreement and all other agreements and documents related to the Transaction and the issuance of the Certificates, "Transaction Documents") which unconditionally and irrevocably guaranteed to the Trustee for the benefit of the holders of the Insured Certificates the full and complete payment of the indebtedness represented thereby.

6. As an inducement to Syncora to enter the I&I Agreement and issue the Policy, C-BASS made or conveyed various representations, warranties and other assurances about the quality of the mortgage loans that back the Insured Certificates and the practices pursuant to which such loans were originated and underwritten. In addition, pursuant to the I&I Agreement, Syncora is entitled to certain protections in the event it is required to make any payments under the Policy. Among other things:

- Pursuant to the I&I Agreement, Syncora is entitled to reimbursement for any payment it is required to make under the Policy (and, in certain cases, interest on such payment). I&I Agreement § 3.03(a), (d).

- Syncora is also entitled to reimbursement for costs and expenses, including reasonable attorneys' fees, in connection with any enforcement, defense or preservation of its rights under the Transaction Documents. I&I Agreement § 3.03(c).

- The I&I Agreement provides for Depositor and C-BASS to indemnify Syncora for any loss or damage arising out of a breach by C-BASS or Depositor of any representation, warranty or covenant under any of the Transaction Documents. I&I Agreement § 3.04(a).[1]

7. On or about January 28, 2011, Syncora filed a proof of claim ("Syncora Claim") against the Debtors in an amount not less than $289,146,471 ("Claim Amount"). The Claim Amount reflects Syncora's present estimate of its maximum potential damages attributable to one or more of the Debtors on account of Syncora's issuance of the Policy and entry into the I&I Agreement. But Syncora has expressly reserved the right to replace, amend or supplement the Syncora Claim to include any other claims at law or in equity and to reflect any successful efforts to mitigate those damages.

8. On February 8, 2011, the Debtors filed their Plan and Disclosure Statement. And on February 9, 2011, the Debtors filed the Motion to Shorten, scheduling a hearing on the motion for Monday, February 14, 2011. The Motion to Shorten seeks to reduce the notice

---

[1] The discussion of the I&I Agreement and other Transaction Documents contained herein is for descriptive purposes only and is qualified in its entirety by the terms of the Transaction Documents.

period on the Disclosure Statement to no more than 14 days (the period from February 14, 2011, until February 28, 2011) and the period to object to the Disclosure Statement to no more than 11 days (from February 14, 2011, until February 25, 2011). Allowing time for mailing and delivery of the notice, the time periods may be even shorter. And, while it is not entirely clear from the Motion to Shorten, it appears that the Debtors also seek this Court's consideration of the Solicitation Procedures Motion (as defined in the Motion to Shorten) at the February 28, 2011, hearing. That motion has not even been filed yet, and the Debtors do not even propose to file it until after this Court has considered the Motion to Shorten.

### OBJECTION

9. For the reasons set forth in this Objection, Syncora respectfully requests that the Court deny the Motion to Shorten and schedule a hearing to consider the adequacy of the Disclosure Statement on not less than 28 days' notice to all creditors and other parties in interest.

A. **The Motion to Shorten is itself procedurally deficient and should not be heard by this Court on February 14, 2011.**

10. The Motion to Shorten was filed on February 9, 2011, just five calendar days before the proposed hearing on the motion, and just 48 hours before the February 11, 2011, deadline for objections to the motion.[2] The Debtors cannot require creditors to respond to a motion in two days' time by mere fiat; they needed permission from this Court. Rule 9006-1(b) of the Local Rules of the United States Bankruptcy Court for the Southern District of New York ("Local Rules") provides that:

> *Unless the Court orders otherwise*, all other motion papers shall be served at least 14 days before the return date. Where such service is made, any answering papers shall be served so as to ensure actual receipt not later than seven days before the return date.

---

[2] The proposed objection deadline falls on a Court holiday, which precludes Syncora from delivering a copy of this Objection to chambers contemporaneously with this submission. Syncora will endeavor to deliver a copy of this Objection to the Court's chambers as early as possible on Monday, February 14, 2011.

Local Rule 9006-1(b) (emphasis added). While it is not unusual in this district for parties to seek a waiver of the time period prescribed by Local Rule 9006-1(b) (often by way of an *ex parte* motion to shorten time or an order to show cause under Local Rule 9077-1), no such request was made here by the Debtors.[3] And no order was ever entered by this Court that authorized the Debtors to proceed with a hearing on the Motion to Shorten on February 14, 2011. For this reason alone, the Motion to Shorten should be denied.

B. **The Debtors have not shown the requisite "cause" to justify shortening the 28-day notice period prescribed by the Bankruptcy Rules.**

11. In exercising its discretion under Bankruptcy Rule 9006(c), "a court must consider, primarily, the prejudice that potentially would result to parties entitled to notice if a reduction is effected, and weigh this against the reasons for shortening the period." *In re Grant Broadcasting of Philadelphia, Inc.*, 71 B.R. 390, 396-7 (Bankr. E.D. Pa. 1987). "[F]or a reduction, especially one of [a] drastic nature, the moving party must provide evidence in its motion that if the motion is not granted there is a danger of irreparable harm or clear prejudice to the moving party. Before the motion may be granted, the court must make specific findings based on facts in the record." *In re South Willow Creek Farm*, 1999 Bankr. LEXIS 1579, at *17 (B.A.P. 10th Cir. 1999). And while Bankruptcy Rule 9006 is intended to provide parties with flexibility in dealing with time-sensitive motions, "[t]he flexibility written into [the rule] should be sparingly invoked and may be invoked only for cause shown." *In re Sandra Cotton, Inc.*, 65 B.R. 153, 156 (W.D.N.Y. 1986). Moving parties cannot shorten statutorily fixed notice periods for mere "administrative convenience," *id.*, or false "'emergenc[ies]' . . . brought on solely by the dalliance of debtors' counsel." *Official Committee of Disputed Litigation Creditors v.*

---

[3] The Debtors are of course familiar with this procedure, having taken advantage of it less than two months ago in these very cases. *See Ex Parte Motion of Debtors for Entry of an Order Shortening Notice Period and Fixing the Hearing and Objection Deadline to Consider Approval of the Motion of the Debtors for Entry of an Order Authorizing and Approving the Sale or, in the Alternative, the Abandonment of the Equity Investments* (Docket No. 110).

*McDonald Invest., Inc.,* 42 B.R. 981 (N.D. Tex. 1984). *See also South Willow Creek Farm*, 1999 Bankr. LEXIS 1579, at *17 (fact that debtor had ample time to bring motion within stated notice period, but its own delay occasioned need for shortened notice, was factor mitigating against a finding of cause under Bankruptcy Rule 9006(c)).

12. The Debtors' proffered justifications to radically reduce the time allotted for parties to review and, if they choose to do so, object to the Disclosure Statement do not withstand scrutiny. The Debtors offer two primary justifications for the reduction in time, each of which, if accepted, would completely vitiate the effectiveness of the 28-day notice period prescribed by the Bankruptcy Rules.

13. First, the Debtors worry that a Restructuring Facilitation Agreement dated as of September 20, 2010 ("RFA") between the Debtors, the Administrative Agent and the Senior Lenders (each as defined in the Motion to Shorten) will expire by its own terms if the Plan does not become effective by April 11, 2011. Motion to Shorten, ¶ 19. But even if the parties to the RFA will not agree to extend this deadline – a possibility about which the Motion to Shorten is silent – this "emergency" is *entirely* of the Debtors' making. If in fact creditors stand to be harmed in any significant way by a delay beyond April 11, 2011, then it is *unfathomable* that the Debtors could have waited until February 8, 2011, to file the Disclosure Statement. The Bankruptcy Rules require a 28-day period for notice of a hearing to consider the adequacy of a disclosure statement, and another 28-day period for notice of a hearing to consider confirmation of a plan. So the Debtors have known since at least September 20, 2010 (the date that the RFA was signed) – *almost five months ago* (and two months before these cases were even commenced) – that they would need considerable lead time to meet the April 11, 2011, deadline.[4]

---

[4] Even if this Court denies this Objection and accedes to the Debtors' proposed schedule, it is hardly certain that the Plan can become effective by April 11, 2011, further calling into question the absolute significance of that date.

14. Syncora respectfully submits that the Debtors should not be permitted to cite an emergency occasioned by their own delay as grounds to reduce the time afforded to creditors to review and assess the Disclosure Statement. Any other result would tacitly sanction this end-run around the Bankruptcy Rules and may further embolden both debtors and their secured and senior lenders to demand increasingly unreasonable time restrictions in complex Chapter 11 cases.

15. Second, the Debtors cite a "strong desire . . . to obtain confirmation of and consummate the Plan as soon as possible in order to minimize the accrual of administrative expenses in the Chapter 11 Cases." Motion to Shorten, ¶ 19. The Debtors' goal of minimizing administrative expenses is a laudable one. But it is a goal that is shared by all debtors, and cannot possibly serve as a valid basis to significantly curtail the period of time afforded to creditors to consider the Disclosure Statement. Compliance with the procedures prescribed by the Bankruptcy Code and Rules necessarily results in the incurrence of administrative expenses, but Congress has determined that procedural fairness to creditors and other parties in interest is more important than expense minimization.

16. The Debtors also contend, by little more than *ipse dixit*, that the "short reduction of the notice period will [not] unduly prejudice any party in interest." Motion to Shorten, ¶ 18. In support of this contention, the Debtors point out that the Senior Lenders and the Administrative Agent support the Plan and that they "have shared drafts of the Plan and other pleadings with counsel for the Committee, which has no objection to having the Disclosure Statement Hearing on shortened notice." *Id.* But Syncora has *not* seen drafts of the Plan and Disclosure Statement, and Syncora has *not* already reached an agreement with the Debtors regarding the terms of their restructuring. Many other creditors of the Debtors are likely in the exact same predicament. It is encouraging that the Debtors are working collaboratively with their

senior lenders and with the Committee, but such efforts do not mitigate the prejudice that a shortened notice period will have on parties that are not a part of the inner circle in these cases.

17. The Disclosure Statement presages a complex plan of reorganization for a complex financial enterprise. The Plan is premised on at least a partial substantive consolidation, contains broad releases for both the Debtors and certain third parties, and appears to include a death trap that would deny a distribution to any creditor that refuses to agree to release certain third parties.[5] And the Disclosure Statement filed with the Court this week is a mere shell: it lacks even basic recovery projections for unsecured creditors and is devoid of any liquidation analysis or other meaningful financial information. Given that the Disclosure Statement will have to be supplemented and amended before it could possibly be approved by this Court, creditors and other parties in interest will have *even less* time than the unreasonably short amount of time proposed by the Debtors to review the Disclosure Statement and consider whether and how to respond.[6] In light of the foregoing, and contrary to the Debtors' assertion, shortening the notice period in these cases would significantly prejudice creditors, who are being asked to review, digest and respond to a complex document in a complex case in just a few days' time.

---

[5] This is not to preview a Disclosure Statement objection from Syncora, or even to suggest that one will be forthcoming. To the contrary, Syncora has made no decisions whatsoever about whether it supports, opposes, or is neutral with respect to the Plan that was filed this week. But if the Motion to Shorten is granted, Syncora may not have sufficient time to make that determination in a responsible and deliberative fashion.

[6] For this reason, Syncora respectfully submits that, in order to faithfully comply with the Bankruptcy Rules, the hearing to consider the adequacy of the Disclosure Statement should be scheduled no earlier than 28 days after the Debtors have filed a complete (or substantially complete) Disclosure Statement.

## CONCLUSION

18. The Debtors' desire to conclude these cases rapidly is laudable. But in support of their request to seek approval of the Disclosure Statement on shortened notice, they cite only the universal goal of efficiency and an April deadline that they agreed to and that was on the horizon even before the commencement of these cases. For the reasons set forth herein, Syncora submits that: (a) the Debtors have not provided this Court with anything close to enough evidence to support a finding of "cause" under Bankruptcy Rule 9006(c) and (b) the Motion to Shorten itself should not have been scheduled on five days' notice absent an order from this Court. Therefore, Syncora respectfully requests that the Court deny the Motion to Shorten and grant Syncora such other relief as is just and proper.

Dated: New York, New York
February 11, 2011

Respectfully submitted,

**PATTERSON BELKNAP WEBB & TYLER** LLP
Attorneys for Syncora Guarantee Inc.

By:   s/**David W. Dykhouse**
David W. Dykhouse
1133 Avenue of the Americas
New York, New York 10036-6710
Telephone: (212) 336-2000
Fax: (212) 336-2222