UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

_____
                                         )
In re:                                   )    Chapter 11
                                         )
CREDIT-BASED ASSET SERVICING             )    Case No. 10-16040 (ALG)
AND SECURITIZATION LLC, *et al.*,        )
                                         )    (Jointly Administered)
                    Debtors.[1]          )
                                         )
_____)

## ORDER (I) APPROVING DISCLOSURE STATEMENT; (II) ESTABLISHING A RECORD DATE FOR VOTING ON THE CHAPTER 11 PLAN; (III) APPROVING SOLICITATION PACKAGES AND PROCEDURES FOR THE DISTRIBUTION THEREOF; (IV) APPROVING THE FORMS OF BALLOTS; (V) ESTABLISHING PROCEDURES FOR VOTING ON THE CHAPTER 11 PLAN; AND (VI) ESTABLISHING NOTICE AND OBJECTION PROCEDURES FOR CONFIRMATION OF THE CHAPTER 11 PLAN

Upon the motion,[2] dated February 14, 2011 [Docket No. 229] (the "Solicitation

Procedures Motion") of the debtors and debtors-in-possession in the above-captioned

chapter 11 cases (collectively, the "Debtors") for entry of an order, pursuant to sections

105(a), 1125, 1126 and 1128 of the Bankruptcy Code, Bankruptcy Rules 2002, 3003, 3016,

3017, 3018, 3020, 9006 and 9008, and Local Rules 3017-1, 3018-1, 3020-1, 9006-1(b),

9013-1 and 9021-1, (a) approving the Disclosure Statement, (b) establishing the Voting

Record Date, the Voting Deadline, and related dates and scheduling the Confirmation

Hearing, (c) approving the procedures for soliciting, receiving and tabulating votes on the

Plan (the "Voting and Tabulation Procedures") annexed hereto as Schedule 1, (d)

approving the forms of ballots and master ballots annexed to the Motion as Exhibit J, and

(e) approving the manner and form of the notices and ancillary documents related to the

---

[1]     The other Debtors are C-BASS CBO Holding LLC, C-BASS Credit Corp., C-BASS Investment Management LLC, NIM I LLC, Pledged Property II LLC, Starfish Management Group LLC, and Sunfish Management Group LLC.

[2]     Defined terms used herein, but not defined herein, shall have the meanings ascribed to them in the Motion.

foregoing; and the Debtors having filed the *Disclosure Statement with Respect to the Debtors' Joint Chapter 11 Plan* [Docket No. 215] (as may be amended, modified or supplemented from time to time, the "Disclosure Statement") and the *Debtors' Joint Chapter 11 Plan* [Docket No. 214] (as may be amended, modified or supplemented from time to time, the "Plan"); and the Court having jurisdiction to consider the Solicitation Procedures Motion and the relief requested therein pursuant to 28 U.S.C. § 1334 and the *Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York*, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Solicitation Procedures Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue of the Solicitation Procedures Motion and the Chapter 11 Cases being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and a hearing having commenced on March 4, 2011 (the "Disclosure Statement Hearing") at which all parties in interest were offered an opportunity to be heard with respect to the Disclosure Statement and the Solicitation Procedures Motion; and the Court having considered (a) the Disclosure Statement, any modifications thereof and objections thereto, (b) this Solicitation Procedures Order, any modifications thereof and objections thereto, and (c) arguments of counsel made and evidence proffered or adduced at the Disclosure Statement Hearing; and the Court having found that the legal and factual bases set forth in the Solicitation Procedures Motion at the Disclosure Statement Hearing establish just cause for the relief granted herein and for shortening of the notice period for the hearing on approval of the Disclosure Statement and the Disclosure Statement Objection Deadline; and it appearing that the relief granted herein is in the best interests of the Debtors' estates, their creditors and all other stakeholders and parties in interest; and any objections to the Solicitation Procedures Motion and

the Disclosure Statement having been withdrawn, resolved or overruled on the merits; and after

due deliberation and sufficient cause appearing therefor, THE COURT HEREBY FINDS AND

DETERMINES THAT:

A.      Disclosure Statement.  The Disclosure Statement (together with the exhibits

thereto) contains the material information that the Voting Classes (Classes 2, 4(a)(i), 4(a)(ii),

4(b), 5 and 6) need to be able to make an informed decision as to whether to vote to accept or

reject the Plan in satisfaction of the requirements of Bankruptcy Rule 3017(d) and in accordance

with section 1125(a)(1) of the Bankruptcy Code.  The Disclosure Statement satisfies the

requirement of Bankruptcy Rule 3016(c) by describing, in specific and conspicuous language,

the acts to be enjoined and the entities and persons subject to the injunction.

B.      Notice of the Disclosure Statement Hearing and the Disclosure Statement

Objection Deadline.  The Debtors provided due and proper notice of the Disclosure Statement

Hearing and the Disclosure Statement Objection Deadline to all creditors, equity security interest

holders, and other parties in interest, and it appears that no other or further notice need be

provided.

C.      Solicitation/Confirmation Timeline.  The timing for filing and serving objections

set forth herein provides parties in interest with sufficient time to carefully review all of the

solicitation materials, consider the Plan, any other documents related to confirmation of the Plan,

and to enable parties in interest, prior to the Confirmation Hearing, to make informed decisions

regarding (i) voting on the Plan (as applicable) and (ii) objecting to the Plan.

D.      Ballots.  The Ballots and Master Ballot, substantially in the forms annexed to the

Motion as **Exhibit J**, adequately address the particular needs of these Chapter 11 Cases while

remaining sufficiently consistent with Official Form No. 14 and, together with the accompanying

instructions, provide for a fair and equitable voting process appropriate for Holders of Claims in the Voting Classes. Ballots need not be provided to Holders of Claims in Classes 1 and 3 because these Classes are Unimpaired by the Plan and are conclusively presumed to have accepted the Plan in accordance with section 1126(f) of the Bankruptcy Code. Ballots need not be provided to Holders of Claims in Classes 7 and 8 because these Classes are Impaired by the Plan and are neither receiving nor retaining any property under the Plan and, therefore, are conclusively presumed to have rejected the Plan in accordance with section 1126(g) of the Bankruptcy Code. Accordingly, the Non-Voting Classes are 1, 3, 7 and 8.

E.    Solicitation Packages and Notices of Non-Voting Status. The various materials, including the documents that comprise the Solicitation Packages and Notice of Non-Voting Status provide sufficient information to, as applicable: (i) Holders of Claims in the Voting Classes to enable them to make informed decisions with respect to whether to vote to accept or reject the Plan in accordance with Bankruptcy Rules 2002, 3016 and 3017; (ii) Holders of Claims in Non-Voting Classes of their non-voting status; (iii) Holders of disputed, unliquidated or contingent Claims of their non-voting status and the procedures for the temporary allowance of such Claims; (iv) counterparties to contracts and leases with the Debtors of the treatment of their contracts and leases under the Plan and their voting rights with respect thereto; and (v) all other parties in interest in these Chapter 11 Cases with respect to the Plan and the effect of confirmation thereof in satisfaction of the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules.

F.    Confirmation Hearing Notice. The form and manner of notice of the date, time and location of the Confirmation Hearing, the deadline for objecting to confirmation of the Plan and information regarding the discharge, injunction, exculpation and release provision set forth

in Article X of the Plan, substantially in the form annexed to the Motion as **Exhibit B** (the

"Confirmation Hearing Notice"), together with the publication of the same, constitutes proper

and sufficient notice to Holders of Claims, Holders of Interests, known and unknown creditors

and parties in interest in these Chapter 11 Cases, in satisfaction of the requirements of due

process and the provisions of the Bankruptcy Code, the Bankruptcy Rules and Local Bankruptcy

Rules.  The Confirmation Hearing Notice, substantially in the form annexed to the Motion as

Exhibit B, shall be, and hereby is, approved.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1.      The Solicitation Procedures Motion is granted to the extent set forth herein.

**A.      Approval of the Disclosure Statement**

2.      The Disclosure Statement shall be, and hereby is, approved pursuant to section

1125(a)(1) of the Bankruptcy Code and Bankruptcy Rule 3017(b) and, to the extent not

withdrawn, settled or otherwise resolved, any objections to approval of the Disclosure Statement

are overruled.

3.      The Debtors shall be, and hereby are, authorized to make non-material changes to

the Disclosure Statement, the Plan and related documents (including the appendices thereto and

exhibits to this Solicitation Procedures Order and the Solicitation Procedures Motion) before

distributing Solicitation Packages, Confirmation Hearing Notices and Notices of Non-Voting

Status to each creditor or other party in interest in accordance with the terms of this Solicitation

Procedures Order without further notice of the Bankruptcy Court, including changes to correct

typographical, clerical and grammatical errors, and to make conforming changes among the

Disclosure Statement, the Plan and related documents and all appendices thereto, including the

form of letter of support of the Plan submitted by the Debtors.

**B.** **Approval of the Voting and Tabulation Procedures**

4.      The Debtors shall be, and hereby are, authorized to solicit, receive and tabulate

votes to accept or reject the Plan in accordance with the Voting and Tabulation Procedures

annexed hereto as <u>Schedule 1</u> and incorporated by reference herein, which shall be, and hereby

are, approved.

**C.**      **Approval of Key Dates and Deadlines with Respect to Confirmation of the Plan**

5.      The following dates and deadlines shall be, and hereby are, established with

respect to voting and confirmation on the Plan:

  i.      February 23, 2011 shall be the record date for determining:  (i) the Holders of Claims and Interest Holders that are entitled to receive Solicitation Packages, Confirmation Hearing Notices and/or Notices of Non-Voting Status, as applicable; (ii) the Claim Holders entitled to vote to accept or reject the Plan; and (iii) whether Claims have been properly transferred to an assignee pursuant to Bankruptcy Rule 3001(e) such that the assignee can vote as the Holder of the Claim (the "<u>Voting Record Date</u>");

  ii.      the Debtors shall cause the Voting Agent to complete the mailing of all of the Solicitation Packages, Confirmation Hearing Notices and Notices of Non-Voting Status within three (3) business days of the entry of this Order (the "<u>Solicitation Deadline</u>");

  iii.      as further provided in paragraphs 18-20 below, any party who wishes to have its Claim allowed for purposes of voting on the Plan in a manner or amount that is inconsistent with the Ballot it received or the rules set forth herein shall serve on counsel to each of the Debtors, the Committee, the Administrative Agent for the Senior Lenders and the United States Trustee, and file with the Court, on or before **April 6, 2011 at 5:00 p.m. (prevailing Eastern Time)**, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claims for voting purposes (the "<u>Rule 3018(a) Motion Deadline</u>");

  iv.      all Holders of Claims in the Voting Classes must complete, execute and return their Ballots so that they are **<u>actually received</u>** by the Voting Agent, pursuant to the Voting and Tabulation Procedures, on or before **April 6, 2011 at 5:00 p.m. (prevailing Eastern Time)** (the "<u>Voting Deadline</u>");

     v.        **April 6, 2011 at 5:00 p.m. (prevailing Eastern Time**) shall be the date and time by which objections to the Plan must be filed with the Court and served as to be actually received by the parties set forth in paragraph 23 herein (the "Plan Objection Deadline");

     vi.       **April 8, 2011 at 5:00 p.m. (prevailing Eastern Time**) shall be the date and time by which the Debtors, the Committee, and the Administrative Agent for the Senior Lenders may file a reply to the objections to confirmation of the Plan, if any, with the Court. Such replies shall be served by such date and time on the parties, if any, who filed objections to confirmation of the Plan;

     vii.      The Debtors shall cause a vote certification to be filed on or before **April 8, 2011**, and such certification shall be deemed to be in compliance with Local Rule 3018-1(a); and

     viii.     the Court shall consider confirmation of the Plan at the hearing to be held on **April 11, 2011 at 2:30 p.m. (prevailing Eastern Time)** (the "Confirmation Hearing").

**D.**     **Approval of Notices in Connection with Confirmation of the Plan**

6.     The Debtors shall cause the Confirmation Hearing Notice to be served on all known Holders of Claims and Interests, all parties to executory contracts and unexpired leases, and all other parties required be served under Bankruptcy Rule 2002 (regardless of whether such parties are entitled to vote on the Plan) on before the Solicitation Deadline. Additionally, the Debtors shall publish the Confirmation Hearing Notice (in a format modified for publication) once at least 14 days prior to the Plan Objection Deadline in the national edition of *The Wall Street Journal* (the "Confirmation Publication Notice").

7.     The Confirmation Hearing Notice and the Confirmation Publication notice shall state a copy of the Plan and Disclosure Statement may be viewed at http://www.donlinrecano.com/cbass or obtained free of charge by contacting the Voting Agent at (212) 771-1128.

### E. Approval of the Form of Ballots and Master Ballot

8. The forms of Ballots, including the amended form of Ballot for Holders of Class 2 Senior Lender Claims Against Sub-Con Debtors (the "Class 2 Ballot") attached hereto as Schedule 2, and Master Ballot, substantially in the forms annexed to the Motion as Exhibit J, shall be, and hereby are, approved.

9. To the extent that Broadridge Financial Solutions, Inc. ("Broadridge") tabulates Beneficial Holder Ballots onto one or more Master Ballots (each a "Broadridge Master Ballot") as agent to, and on behalf of the Nominee Holders for whom Broadridge holds Powers of Attorney to issue proxies, Broadridge shall either (a) report the information contained in items 1-4 of the executed Beneficial Holder Ballots that it receives to the Voting Agent, together with the Broadridge Master Ballot(s), or (b) release images of said executed Beneficial Holder Ballots in their entirety to the Voting Agent (in addition to submitting the executed Broadridge Master Ballots), provided that (i) in cases where there exists a discrepancy between the tabulation data set forth on a Broadridge Master Ballot and one or more Beneficial Holder Ballots, the tabulation data set forth on such Broadridge Master Ballot shall prevail, (ii) the Voting Agent shall be authorized but not obligated to contact Broadridge for the purpose of resolving such discrepancies, and (iii) the Voting Agent shall keep confidential the names and addresses of the parties to said Beneficial Holder Ballots (the "Confidential Information") provided further however, that to the extent it remains in the possession of the Voting Agent, the Confidential Information may be disclosed by the Voting Agent when required to be disclosed by law, whether under an order of a court or government tribunal or other legal process.

10. Nominees must retain the original Ballot and an electronic copy of the same for a period of one year after the Effective Date of the Plan, unless otherwise ordered by the Court.

**F.     Approval of the Solicitation Packages**

11.     The Solicitation Packages to be transmitted on or before the Solicitation Deadline to those Holders of Claims in the Voting Classes as of the Voting Record Date shall include the following, the form of each of which, shall be, and hereby is approved:[3]

    a.     the Disclosure Statement (and exhibits thereto, including the Plan);

    b.     this Solicitation Procedures Order (and the Voting and Tabulation Procedures annexed thereto);

    c.     the Confirmation Hearing Notice;

    d.     an appropriate form of Ballot or Master Ballot; and

    e.     the Cover Letter.

12.     The Solicitation Packages provide Holders of Claims in the Voting Classes with adequate information to make informed decisions with respect to voting on the Plan in accordance with Bankruptcy Rules 2002(b) and 3017(d), the Bankruptcy Code and the Local Bankruptcy Rules.

13.     The Debtors shall distribute Solicitation Packages to all Holders of Claims in the Voting Classes on or before the Solicitation Deadline.  Such service shall satisfy the requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules.

14.     The Debtors are authorized, but not directed or required, to distribute the Plan, the Disclosure Statement and this Solicitation Procedures Order to Holders of Claims in the Voting Classes in CD-ROM format.  The Ballots and the Confirmation Hearing Notice shall only be provided in paper format.  On or before the Solicitation Deadline, the Debtors shall also provide

---

[3]     The Debtors shall make reasonable efforts to ensure that any Holder of a Claim who has filed duplicate Claims against the Debtors (whether against the same or multiple Debtors) that are classified under the Plan in the same Voting Class does not receive more than one Solicitation Package (and, therefore, more than one Ballot) on account of such duplicate Claims with respect to that Class.

paper copies of the Solicitation Package to the (a) the U.S. Trustee; (b) all parties that have filed notices of appearances or requests for notices, pursuant to Bankruptcy Rule 2002, in the Chapter 11 Cases; (c) the United States Securities and Exchange Commission; (d) the Internal Revenue Service; (e) Davis Polk & Wardwell LLP, counsel to the Administrative Agent for the Senior Lenders; (f) counsel to the Committee; and (g) the New York State Attorney General.

15.     Any party who receives a CD-ROM, but would prefer paper format, may contact the Voting Agent at (212) 771-1128 and request paper copies of the corresponding materials previously received in CD-ROM format, which will then be provided at the Debtors' expense.

**G.     Approval of Notices to (a) Members of the Non-Voting Classes and Other Holders of Claims Not Entitled to Vote on the Plan and (b) Contract and Lease Counterparties**

16.     Except as otherwise provided herein, the Debtors are not required to provide Solicitation Packages to Holders of Claims or Interests in non-Voting Classes or Holders of Claims otherwise not entitled to vote on the Plan pursuant to the Voting and Tabulation Procedures.  Instead, on or before the Solicitation Deadline, the Voting Agent shall mail (first-class postage prepaid) to parties who are not entitled to vote on the Plan (i) the Confirmation Hearing Notice, and (ii) one of the following Notices of Non-Voting Status in lieu of Solicitation Packages, the form of each of which is hereby approved:

>    a.     *Unimpaired Claims - Conclusively Presumed to Accept*:  Holders of Claims in Classes 1 and 3, who are conclusively presumed to have accepted the Plan, shall receive the notice in substantially the form annexed as **Exhibit D** to the Motion and incorporated herein by reference;

>    b.     *Impaired Securities Litigation Claims - Conclusively Presumed to Reject:* Holders of Claims in Class 7, who are conclusively presumed to have rejected the Plan, shall receive the notice, substantially in the form annexed as **Exhibit E** to the Motion and incorporated herein by reference;

>    c.     *Impaired Interest Holders - Conclusively Presumed to Reject:*  Holders of Interests in Class 8, who are conclusively presumed to have rejected the

Plan, shall receive the notice, substantially in the form annexed as **Exhibit F** to the Motion and incorporated herein by reference;

d.   *Unclassified Claims - Not Entitled to Vote*:  Holders of Administrative Claims and Priority Tax Claims, who are not classified and will be satisfied in full under the Plan, will receive the notice, substantially in the form annexed as **Exhibit G** to the Motion and incorporate herein by reference; and

e.   *Objected to Claims - Not Entitled to Vote*:  Holders of Claims subject to a pending objection as of the Voting Record Date, who are not entitled to vote on the Plan pursuant to the Voting and Tabulation Procedures, shall receive a notice, substantially in the form annexed as **Exhibit H** to the Motion and incorporated herein by reference, which notice sets forth the process for seeking to have a Claim allowed for voting purposes pursuant to Bankruptcy Rule 3018(a).

17.   Counterparties to the Debtors' executory contracts and unexpired leases that are subject to rejection pursuant to Article V of the Plan shall receive the Confirmation Hearing Notice and the notice substantially in the form annexed as **Exhibit I** to the Motion and incorporated herein by reference.  Such notices shall be mailed on or before the Solicitation Deadline.  Counterparties to executory contracts and unexpired leases designated by the Debtors to be rejected on schedules filed by the Debtors on or before the Voting Record Date shall receive a Ballot to vote on the Plan in the amount identified by the Debtors on such schedules, if any, as the "Rejection Damage Claim Amount"; provided, however, that the Rejection Damage Claim Amount shall be used for voting purposes only and shall not be binding on the Debtors for claim allowance or distribution purposes.

18.   Except as otherwise provided in this Solicitation Procedures Order or the Voting and Tabulation Procedures, the Debtors are not required to mail Solicitation Packages or any other solicitation materials to any party to whom the Disclosure Statement Hearing Notice was sent but returned as undeliverable.

**H.     Establishment of Rule 3018(a) Motion Deadline**

19.     If any party wishes its Claim allowed for purposes of voting on the Plan in a manner that is inconsistent with the Ballot it received or the rules set forth herein or in the Voting and Tabulation Procedures, such party must serve on each of the Notice Parties (defined below), and file, together with proof of service contemporaneously therewith, with the Court, on or before the Rule 3018(a) Motion Deadline, a motion for an order pursuant to Bankruptcy Rule 3018(a) (a "Rule 3018(a) Motion") temporarily allowing such Claim for voting purposes.  A Rule 3018(a) Motion must set forth with particularity the amount and classification that such party believes its Claim should be temporarily allowed for voting purposes and the evidentiary support for temporarily allowing such Claim for voting on the Plan.

20.     For any timely-filed Rule 3018(a) Motion, the Ballot in question shall be counted (a) in the amount established in an order entered by the Court, (b) in the amount agreed to by the Debtors and the moving party or (c) if an order has not been entered by the Court and the Debtors and the moving party have not come to an agreement as to the relief requested in the Rule 3018(a) Motion, in an amount equal to the preprinted amount on the Ballot, or in the event the moving party did not receive a Ballot, in the amount of $0.00.  Unresolved Rule 3018(a) Motions with respect to Claims allowance for voting purposes shall be heard at the Confirmation Hearing.

21.     Prior to filing a Rule 3018(a) Motion, a party considering such relief shall contact counsel to the Debtors regarding a consensual resolution of the allowance of such party's Claim for voting purposes.

22.     In the event any Rule 3018(a) Motions are filed and the parties cannot reach a consensual resolution of the allowance of such party's Claim for voting purposes, the Debtors,

the Committee and other parties in interest are authorized to file and serve objections to such motions on or before April 8, 2011 (the "Reply Deadline").

### I.   Approval of Procedures for Filing Objections to the Plan

23.     Objections to the Plan ("Confirmation Objections") will not be considered by the Court unless such objections are timely filed and properly served in accordance with this Solicitation Procedures Order.  Specifically, all objections to confirmation of the Plan or requests for modifications to the Plan, if any, must (a) be in writing; (b) conform to the Bankruptcy Rules and the Local Bankruptcy Rules; (c) state the name and address of the objecting party and the amount and nature of such party's respective Claim or Interest; (d) state with particularity the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and (e) be filed, contemporaneously with a proof of service, either electronically in accordance with General Order M-399 (which can be found at http://www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's electronic case filing system and by all other parties in interest on a CD-ROM, preferably in Portable Document Format (PDF), a Microsoft Word document, or any other Window-based word processing format (with a hard copy delivered directly to Chambers of the Honorable Allan L. Gropper), and filed with the Court and served so as to be actually received by the following parties on or before April 6, 2011 at 5:00 p.m. (prevailing Eastern Time) (the "Plan Objection Deadline"):  (i) Hunton & Williams LLP, counsel for the Debtors, 200 Park Avenue, 53rd Floor, New York, New York 10166-0136, Attn: Peter S. Partee, Sr., Esq.; (ii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004, Attn: Susan Golden, Esq.; (iii) Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017, Attn:  Damian S. Schaible, Esq., counsel to JPMorgan

Chase Bank, N.A. as Administrative Agent for the Senior Lenders; and (iv) Hahn & Hessen LLP, 488 Madison Avenue, New York, New York 10022, Attn: Mark T. Power, Esq., counsel for the Committee (collectively, the "<u>Notice Parties</u>").

24.     The Debtors, the Committee and any other interested party may file and serve replies to any Confirmation Objections by the Reply Deadline.  In the event that multiple Confirmation Objections are filed, the Debtors, the Committee and any other interested party are authorized to file a single, omnibus reply to such objections.

**J.**     **<u>Reservation of Rights/Miscellaneous</u>**

25.     Nothing in this Solicitation Procedures Order shall be construed as a waiver of the right of the Debtors or any other party in interest, as applicable, to object to a proof of claim after the Voting Record Date.

26.     The Debtors shall be, and hereby are, authorized to take all actions necessary to effectuate the relief granted pursuant to this Solicitation Procedures Order in accordance with the Solicitation Procedures Motion.

27.     The terms and conditions of this Solicitation Procedures Order shall be, and hereby are, immediately effective and enforceable upon its entry.

28.     This Court shall retain exclusive jurisdiction to hear any matters or disputes arising from or related to this Solicitation Procedures Order.

Dated: New York, New York
       March 4, 2011

                                   */s/ Allan L. Gropper*
                                   THE HONORABLE ALLAN L. GROPPER
                                   UNITED STATES BANKRUPTCY JUDGE

**SCHEDULE 1 TO SOLICITATION PROCEDURES ORDER**
**VOTING AND TABULATION PROCEDURES**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

_____
)
In re:                                    )    Chapter 11
                                          )
CREDIT-BASED ASSET SERVICING              )    Case No. 10-16040 (ALG)
AND SECURITIZATION LLC, *et al.*,         )
                                          )
                        Debtors.[1]       )    (Jointly Administered)
_____)

## VOTING AND TABULATION PROCEDURES

Pursuant to the *Order (I) Approving Disclosure Statement; (II) Establishing a Record Date for Voting on the Chapter 11 Plan; (III) Approving Solicitation Packages and Procedures for the Distribution Thereof; (IV) Approving the Forms of Ballots; (V) Establishing Procedures for Voting on the Chapter 11 Plan; and (VI) Establishing Notice and Objection Procedures for Confirmation of the Chapter 11 Plan* (the "Solicitation Procedures Order"), the following procedures (the "Voting and Tabulation Procedures") shall govern the solicitation and tabulation of votes to accept or reject the *Debtors' Joint Chapter 11 Plan* (as may be amended, modified, or supplemented from time to time, the "Plan"). These Voting and Tabulation Procedures comprise a material part of the Solicitation Procedures Order and are incorporated therein by reference.

## A.    Defined Terms

Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan, the Solicitation Procedures Motion or the Solicitation Procedures Order. Capitalized terms not otherwise defined in the Plan, the Solicitation Procedures Motion or the Solicitation Procedures Order shall have the following meaning in these Voting and Tabulation Procedures:

---

[1]    The other Debtors are C-BASS CBO Holding LLC, C-BASS Credit Corp., C-BASS Investment Management LLC, NIM I LLC, Pledged Property II LLC, Starfish Management Group LLC, and Sunfish Management Group LLC.

A. **"Ballot"** means the form or forms distributed to certain Holders of Claims or their Nominees by which such parties may indicate acceptance or rejection of the Plan, including the Ballots substantially in the forms annexed as **Exhibit J** to the Solicitation Procedures Motion.

B. **"Beneficial Holder"** means the beneficial owner of a security for whom a Nominee acts.

C. "**Disputed Claim**" means a Claim subject to a pending claims objection as of the Voting Record Date or a Claim listed in the Debtors' *Schedules of Liabilities* in an amount in excess of $0, which is listed as contingent, unliquidated or disputed.

D. **"Master Ballot"** means a Ballot submitted on behalf of one or more Beneficial Holders of TruPs Claims.

E. **"Nominee"** means the institutional record Holder of aTruPs Claim who holds such TruPs Claim in its "street name" on behalf of Beneficial Holders, including brokers, banks, and dealers, or their agents or intermediaries.

F. **"Resolution Event"** means one or more of the events described in Section C of these Voting and Tabulation Procedures.

G. **"Scheduled"** means the manner in which a Claim appears on the Debtors' Schedules.

H. "**Schedules"** means the Debtors' *Schedules of Liabilities*.

I. **"Solicitation Deadline"** means the date by which the Debtors shall mail the Solicitation Packages and Notices of Non-Voting Status, no later than three (3) business days after entry of the Solicitation Procedures Order on the Court's docket.

J. **"Solicitation Package"** means the solicitation materials and documents to be sent to Holders of Claims in the Voting Classes as provided in the Solicitation Procedures Order, which materials will provide such Holders with information needed to vote on the Plan.

K. **"Solicitation Procedures Order"** has the meaning set forth in the introductory paragraph to these Voting and Tabulation Procedures.

L. **"Voting Agent"** means Donlin, Recano & Company, Inc.

M. "**Voting Classes"** means the following Impaired Classes of Claims entitled to vote on the Plan.

| Class | Description |
|---|---|
| Class 2 | Senior Lender Claims Against Sub-Con Debtors |
| Class 4(a)(i) | Senior Unsecured Claims Against Sub-Con Debtors |
| Class 4(a)(ii) | Trade Debt and Employee Claims Against Sub-Con Debtors |
| Class 4(b) | General Unsecured Claims Against Sunfish Management Group LLC |
| Class 5 | Subordinated Debt Claims Against Sub-Con Debtors |
| Class 6 | TruPs Claims Against Sub-Con Debtors |

**N.** **"Voting Deadline"** means April 6, 2011 at 5:00 p.m. (prevailing Eastern Time).

**O.** **"Voting Record Date"** means February 23, 2011, the date for purposes of determining those Holders of Claims that are entitled to vote to accept or reject the Plan.

**P.** **"Voting Report"** means the report submitted by the Voting Agent detailing the results of the plan solicitation process.

**B.** **Holders of Claims Entitled to Vote to Accept or Reject the Plan**

Only the following Holders of Claims in the Voting Classes shall be entitled to vote to accept or reject the Plan with regard to such Claims:

1. Holders of Claims for which Proofs of Claim have been timely filed by the applicable Bar Date IF such Proofs of Claim:

   a. have not been withdrawn, expunged or disallowed as of the Voting Record Date, and

   b. are not the subject of a pending objection as of the Voting Record Date; provided, however, that a Claim that is subject to a pending objection as of the Voting Record Date shall be entitled to vote if the Claim becomes eligible to vote through a Resolution Event pursuant to the procedures set forth in Section C below.

2. Holders of Claims that are listed in the Schedules in amounts in excess of $0, and that are not listed as contingent, unliquidated or disputed, and for which no Proof of Claim has been timely filed.

3. Holders of Claims that arise pursuant to an agreement or settlement with the Debtors, as reflected in a document filed with the Bankruptcy Court, in

an order of the Bankruptcy Court or in a document executed by the Debtors pursuant to authority granted by the Bankruptcy Court, in each case regardless of whether a Proof of Claim has been filed.

## C.  Temporary Allowance of Claims for Voting Purposes Only

The following procedures shall govern the temporary allowance of Claims solely for the purpose of voting on the Plan.  For the avoidance of doubt, these procedures shall **not** be used for determining allowance of any Claim for purposes of distribution under the Plan.

1.  On or before the Solicitation Deadline, each Holder of a Disputed Claim shall be sent a notice of such Holder's non-voting status in substantially the form annexed as Exhibit H to the Solicitation Procedures Motion.

2.  On or before the Solicitation Deadline, counterparties to executory contracts and unexpired leases that are subject to rejection pursuant to the Plan shall receive a notice substantially in the form annexed as Exhibit I to the Solicitation Procedures Motion and a Ballot to vote on the Plan in the amount identified by the Debtors as the "Rejection Damage Claim Amount."[2]

3.  Unless otherwise ordered by the Bankruptcy Court, the Holder of a Disputed Claim or the Holder of any other Claim that is not entitled to vote on the Plan cannot vote to accept or reject the Plan unless one or more of the following Resolution Events has taken place prior to the Voting Deadline:

    a.  an order of the Bankruptcy Court is entered after allowing such Claim pursuant to section 502(b) of the Bankruptcy Code, after notice and a hearing;

    b.  an order of the Bankruptcy Court is entered temporarily allowing such Claim for voting purposes only pursuant to Bankruptcy Rule 3018(a), after notice and a hearing, as provided in subparagraph 5 below;

    c.  a stipulation or other agreement is executed between the Holder of such Claim and the Debtors resolving the objection and allowing such Claim in an agreed-upon amount;

    d.  a stipulation or other agreement is executed between the Holder of such Claim and the Debtors temporarily allowing the Holder of such Claim to vote its Claim in an agreed upon amount pursuant to Bankruptcy Rule 3018(a); or

---

[2]  The Rejection Damage Claim shall be used for voting purposes only and shall not be binding on the Debtors for claim allowance or distribution purposes.

e.      the pending objection to such Claim is voluntarily withdrawn by the Debtors.

4.      No later than two (2) business days after a Resolution Event, the Voting Agent shall distribute a Solicitation Package to the relevant Holder of such Claim that has been allowed for voting purposes only by such Resolution Event, which must be completed and returned no later than the Voting Deadline.  If a Claim has been estimated or otherwise allowed for voting purposes by an order of the Bankruptcy Court after the Voting Deadline, the Voting Agent shall distribute a Solicitation Package to the relevant Holder of such Claim within one (1) business day of the entry of the order of the Bankruptcy Court, which will include a Ballot that must be completed and returned to the Voting Agent by no later than two (2) business days after receipt by the relevant Holder of such Claim, or such other time as may be ordered by the Bankruptcy Court.  A Ballot that is completed and returned to the Voting Agent in accordance with this subsection 4 shall be tabulated in accordance with the Voting and Tabulation Procedures, as if timely received by the Voting Deadline.

5.      If a party wishes to have its Claim allowed for purposes of voting on the Plan in a manner that is inconsistent with the Ballot it received or the rules set forth herein, such party must serve on the United States Trustee and counsel to each of the Debtors, the Committee, and the Administrative Agent for the Senior Lenders and file with the Bankruptcy Court on or **April 6, 2011 at 5:00 p.m. (prevailing Eastern Time)**, a motion for an order pursuant to Bankruptcy Rule 3018(a) (a "Rule 3018(a) Motion") temporarily allowing such Claim for voting purposes, subject to the following:

a.      A Rule 3018(a) Motion must set forth with particularity the amount and classification that such party believes its Claim should be temporarily allowed for voting purposes and the evidentiary support for temporarily allowing such Claim for voting on the Plan;

b.      For any timely-filed Rule 3018(a) Motion, the Ballot in question shall be counted (a) in the amount established in an order by the Bankruptcy Court, (b) in the amount agreed to by the Debtor and the moving party or (c) if an order has not been entered by the Bankruptcy Court and the Debtor and the moving party have not come to an agreement as to the relief requested in the Rule 3018(a) Motion, in an amount equal to the preprinted amount on the Ballot, or in the event the moving party did not receive Ballot, in the amount of $0.00;

c.      Prior to filing a Rule 3018(a) Motion, a party considering such relief shall contact counsel to the Debtors, in writing, regarding a consensual resolution of the allowance of such party's claim for voting purposes; and

d.     Unresolved Rule 3018(a) Motions with respect to Claim allowance for voting purposes will be heard at the Confirmation Hearing or at such earlier time as the Bankruptcy Court may be available.

6.     Notwithstanding any other Voting and Tabulation Procedures, if an individual Claim has been estimated or otherwise allowed for voting purposes by order of the Bankruptcy Court, such Claim will be allowed temporarily for voting purposes only in the amount so estimated or allowed by the Bankruptcy Court.

7.     Notwithstanding anything contained in these Voting and Tabulation Procedures, if an individual Claim has been estimated or otherwise allowed for voting purposes by an order of the Bankruptcy Court, including an ordered entered by the Bankruptcy Court after the Voting Deadline, such Claim shall be allowed temporarily for voting purposes only in the amount so estimated or allowed by the Bankruptcy Court.

8.     Notwithstanding anything contained in these Voting and Tabulation Procedures, any Claim or Class of Claims that is Allowed in an amount specified by the Plan shall be Allowed for voting purposes in such Allowed amount set forth in the Plan.

## D.     Establishing Claim Amounts for Voting Purposes

In tabulating votes, the hierarchy below shall be used to determine the amount of the Claim associated with each Holder's vote:

1.     The Claim amount settled and/or agreed upon by the Debtors as reflected in a document filed with the Bankruptcy Court, in an order of the Bankruptcy Court or in a document executed by the Debtors pursuant to authority granted by the Bankruptcy Court;

2.     The Claim amount allowed (temporarily or otherwise) pursuant to a Resolution Event under the procedures set forth herein;

3.     The Claim amount contained in a Proof of Claim that has been timely filed by the applicable Bar Date (or deemed timely filed by the Bankruptcy Court) and not subject to a pending objection; provided, however, that timely filed Proofs of Claim in an unliquiated or unknown amount will count for satisfying the numerosity requirement of section 1126(c) of the Bankruptcy Code, and will count as Ballots for Claims in the amount of one dollar ($1.00) for the purposes of satisfying the dollar amount provisions of section 1126(c) of the Bankruptcy Code;

4.     The Claim amount listed in the Schedules, provided, however, that such Claim is not Scheduled as contingent, disputed or unliquidated and has not been paid in full or in part during these Chapter 11 Cases;

5.     For executory contracts and unexpired leases designated for rejection but for which no proof of claim has been filed as of the Voting Record Date, the Rejection Damage Claim identified by the Debtors and included on the Ballot sent to the counterparty to such contract or lease; and

6.     in the absence of any of the foregoing, in the amount of $0.00.

In the event that a Holder of a Claim identifies a Claim amount on its Ballot that is different from the amount otherwise calculated in accordance with these Voting and Tabulation Procedures, such Claim will be temporarily allowed for voting purposes in an amount established pursuant to the procedures described herein. **The Claim amounts established pursuant to the procedures set forth herein shall control solely for voting purposes only, and shall not constitute the allowed amount of any Claim for distribution purposes under the Plan**. Moreover, any amounts filled in on Ballots or Master Ballots by the Debtors through the Voting Agent are not binding for purposes of allowance and distribution.

**E.     General Ballot Tabulation**

Subject to <u>Section H</u> below, the following voting procedures and standard assumptions shall be used in tabulating ballots:

1.     Except as otherwise provided herein, unless a Ballot is timely submitted on or before the Voting Deadline, the Debtors shall reject such Ballot as invalid and, therefore, decline to count it in connection with Confirmation;

2.     The Voting Agent will date all Ballots when received. The Voting Agent shall retain the original Ballots and an electronic copy of the same for a period of one (1) year after the Effective Date of the Plan, unless otherwise ordered by the Bankruptcy Court;

3.     The Debtors will file the Voting Report with the Bankruptcy Court no later than three (3) days prior to the date of commencement of the Confirmation Hearing. The Voting Report shall, among other things, delineate every irregular Ballot, including those Ballots that are late or (in whole or in material part) illegible, unidentifiable, lacking signatures or lacking necessary information, received via facsimile or electronic mail or damaged. The Voting Report shall indicate the Debtors' intent with regard to such irregular Ballots;

4.     The method of delivery of Ballots to be sent to the Voting Agent is at the election and risk of each Holder, and except as otherwise provided, a Ballot will be deemed timely delivered only when the Voting Agent **<u>actually</u> <u>receives</u>** the original, appropriately executed Ballot;

5.     An original executed Ballot is required to be submitted by the entity submitting such Ballot. Delivery of a Ballot to the Voting Agent by facsimile, e-mail or any other electronic means will not be valid;

6.      No Ballot should be sent to any of the Debtors, the Debtors' agents (other than the Voting Agent), any indenture trustee (unless specifically addressed to do so), any administrative agent (unless specifically addressed to do so) or the Debtors' financial or legal advisors, and if so sent will not be counted;

7.      If multiple Ballots are received by the Voting Agent from the same Holder or Nominee with respect to the same Claim on or prior to the Voting Deadline, the latest-dated Ballot timely received and properly executed will be deemed to reflect that voter's intent and will supersede and revoke any prior Ballot(s);

8.      Holders must vote all of their Claims within a particular Class either to accept or reject the Plan and may not split any votes.  Accordingly, a Ballot that partially rejects and partially accepts the Plan shall not be counted.  In addition, to the extent a Holder has multiple Claims within the same Class, the Debtors may, in their discretion, aggregate the Claims of any particular Holder within a Class for the purpose of counting Votes.  Further, if a Holder has multiple Claims within the same Class against one or more of the Debtors based upon different transactions, the Holder shall be entitled to <u>one vote</u> for numerosity purposes in the aggregate dollar amount of all Claims within the same Class;

9.      A person signing a Ballot in his/her capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation or otherwise acting in a fiduciary or representative capacity must indicate such capacity when signing and, if required or requested by the applicable Nominee or its agent, the Voting Agent, the Debtors or the Bankruptcy Court must submit proper evidence to the requesting party to so act on behalf of such Holder or Beneficial Holder;

10.     The Debtors, subject to contrary order of the Bankruptcy Court, may waive any defects or irregularities as to any particular Ballot at any time, either before or after the close of voting, and such waivers will be documented in the Voting Report;

11.     Neither the Debtors, nor any other entity, will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots other than as provided in the Voting Report, nor will any of them incur any liability for failure to provide such notification;

12.     Unless waived or ordered by the Bankruptcy Court, any defect or irregularities in connection with deliveries of Ballots must be cured on or before the Voting Deadline or such Ballots will not be counted;

13.     In the event a designation to vote on the Plan is requested by a party in interest under section 1126(e) of the Bankruptcy Code, the Bankruptcy Court will determine whether any vote to accept and/or reject the Plan cast with respect to the Claim will be counted for purposes of determining whether the Plan has been accepted or rejected;

14. Subject to any contrary order of the Bankruptcy Court, the Debtors reserve the right to reject any Ballot or Master Ballot not in proper form, the acceptance of which, in the opinion of the Debtors, would not be in accordance with the provisions of the Bankruptcy Code or the Bankruptcy Rules; provided, however, that any such rejections will be documented in the Voting Report; and

15. The following Ballots shall **not** be counted in determining the acceptance or rejection of the Plan:

   a. any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Claim;

   b. any Ballot cast by or on behalf of an entity that does not hold a Claim in a Class that is entitled to vote on the Plan;

   c. any Ballot not bearing an original signature on the line adjacent to the "Signature" label in the certification section therein;

   d. any Ballot that is signed but does not otherwise comply with the requirements of section E. 9 above;

   e. any Ballot which is properly completed, executed and timely returned to the Voting Agent that does not indicate an acceptance or rejection of the Plan or that indicates both an acceptance and rejection of the Plan; and

   f. any Ballot submitted by or on behalf of any entity not entitled to vote pursuant to the Plan, the Solicitation Procedures Order or these Voting and Tabulation Procedures.

## F. Voting Procedures Applicable to Beneficial Holders of TruPs Claims

The following additional procedures, as well the other procedures described herein, shall apply to the voting of TruPs Claims held by Beneficial Holders:

1. Within three (3) business days after the Voting Record Date, the Indenture Trustee for each of the Trust Preferred Junior Subordinated Indentures giving rise to the TruPs Claims shall provide the Voting Agent with (a) a copy of the lists of the names, addresses and holdings of the Beneficial Holders as of the Voting Record Date in an electronic file and (b) such other information the Voting Agent deems reasonable and necessary to perform its duties hereunder. The Voting Agent shall use such information only for purposes consistent with the Voting and Tabulation Procedures;

2. On or before the Solicitation Deadline, the Voting Agent shall distribute or cause to be distributed the appropriate number of copies of Solicitation Packages[3] to each registered Beneficial Holder as of the Voting Record Date, and to any Nominees identified by the Voting Agent;

3. Any Nominee that is a holder of record with respect to the Beneficial Holders shall either:

   (a) vote on behalf of the Beneficial Holders by (i) immediately distributing the Solicitation Packages, including Ballots, it receives from the Voting Agent to all such Beneficial Holders, (ii) promptly collecting Ballots from such Beneficial Holders that cast votes on the Plan, (iii) compiling and validating the votes and other relevant information of all such Beneficial Holders on the Master Ballot, and (iv) transmitting the Master Ballot to the Voting Agent by the Voting Deadline; or

   (b) distribute pre-validated Ballots pursuant to the following procedures:

      i. the Nominee shall forward to each Beneficial Holder as of the Voting Record Date the Solicitation Package, an individual Ballot that has been pre-validated, as indicated in paragraph (ii) below and a return envelope provided and addressed to the Voting Agent;

      ii. to pre-validate a Ballot, the Nominee should complete the first item only and execute the Ballot and indicate on the Ballot the name of the Nominee, the amount of TruPs Claims held by the Nominee for the Beneficial Holder and the account number(s) for the account(s) in which the securities are held by the Nominee; and

      iii. the Beneficial Holder shall return the pre-validated Ballot to the Voting Agent by the Voting Deadline.

4. Any Beneficial Holder holding such securities as a record holder in its own name should vote on the Plan by completing and signing a Ballot and returning it directly to the Voting Agent on or before the Voting Deadline;

5. The indenture trustee (unless otherwise empowered to do so under the relevant Junior Subordinated Indenture) will not be entitled to vote on behalf of the Beneficial Holders; rather, each such Beneficial Holder must submit his or her own Ballot;

---

[3] The Solicitation Packages shall contain Ballots for voting by the Beneficial Holders. In accordance with its customary practices, the Voting Agent shall distribute copies of Master Ballots to any relevant Nominees after the Solicitation Packages have been forwarded to the Beneficial Holders.

6.      Any Ballot returned to a Nominee by a Beneficial Holder will not be counted for purposes of accepting or rejecting the Plan until such Nominee properly completes and delivers to the Voting Agent by the Voting Deadline a Master Ballot that reflects the vote of such Beneficial Holders, or otherwise validates the Ballot in a manner acceptable to the Voting Agent.  Nominees shall retain all Ballots returned by the Beneficial Holders for period of one year after the Effective Date of the Plan, or, in the case of pre-validated Ballots, a list of Beneficial Holders to whom pre-validated Ballots were sent for a period of at least one year after the Voting Deadline;

7.      If a Beneficial Holder holds securities through more than one Nominee or through multiple accounts, such Beneficial Holders may receive more than one Ballot, and each such Beneficial Holder should execute a separate Ballot for each block of securities that it holds through any Nominee and must return each Ballot to the appropriate Nominee; and

8.      If a Beneficial Holder holds a portion of its securities through a Nominee or Nominees and another portion in its own name as the record holder, such Beneficial Holder should follow the procedures herein to vote the portion held in its own name and to vote the portions held by the Nominees(s).

## G.      Voting Procedures Applicable to Holders of Class 2 Senior Lender Claims

Within three (3) business days after the Voting Record Date, the Administrative Agent shall provide the Voting Agent with (a) copy of the list of the names, addresses and holdings of all Holders of Class 2 Senior Lender Claims as of the Voting Record Date in an electronic file and (b) such other information as the Voting Agent deems reasonable and necessary to perform its duties hereunder.  The Voting Agent shall use such information only for purposes consistent with these Voting and Tabulation Procedures.

## H.      Tabulation of Master Ballots

These rules will apply with respect to the tabulation of the Master Ballots:

i.      Votes cast by Beneficial Holders through Nominees will be applied to the positions held by such Nominees as of the Voting Record Date, as evidenced by the record and depository listings.  Votes submitted by a Nominee, whether pursuant to a Master Ballot or pre-validated Ballot, will not be counted in excess of the amount of such securities held by such Nominee as of the Voting Record Date;

ii.      If conflicting votes or "over-votes" are submitted by a Nominee, whether pursuant to a Master Ballot or pre-validated Ballot, the Debtors will attempt to reconcile discrepancies with the Nominees;

iii.      If over-votes on a Master Ballot or pre-validated Ballot are not reconciled before the preparation of the vote certification, the Debtors will apply

votes to accept and to reject the Plan in the same proportion as the votes to accept or reject the Plan submitted on the Master Ballot or pre-validated Ballot that contained the over-vote, but only to the extent of the Nominee's position in the relevant Class;

iv. For the purpose of tabulating votes of any Claims, each Nominee or Beneficial Holder will be deemed to have voted the principal amount of its Claims in the appropriate class, although any principal amounts may be adjusted by the Voting Agent to reflect the amounts actually voted, including prepetition interest (if applicable); and

v. A single Nominee may complete and deliver to the Voting Agent multiple Master Ballots. Votes reflected on multiple Master Ballots will be counted, except to the extent they are duplicative of other Master Ballots. If two or more Master Ballots are inconsistent, the latest dated Master Ballot received on or before the Voting Deadline will, to the extent of such inconsistency, supersede and revoke any prior Master Ballot.

## I.  Transferred Claim Procedures

1.  Pre-Voting Record Date Transfers:  With respect to a transferred Claim, the transferee shall be entitled to receive a Solicitation Package and, if the Holder of such Claim is entitled to vote with respect to the Plan, cast a Ballot on account of such Claim only if (a) all actions necessary to effectuate the transfer of the Claim, pursuant to Bankruptcy Rule 3001(e), have been completed by the Voting Record Date, or (b) the transferee files and the Bankruptcy Court has docketed by the Voting Record Date (i) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer and (ii) a sworn statement of the transferor supporting the validity of the Transfer.

2.  Post-Voting Date Transfers.  In the event a Claim is transferred after the Voting Record Date, the transferee of such Claim shall be bound by any vote made by the Holder of such Claim as of the Voting Record Date.

## J.  Debtors' Reservation of Rights Regarding Modification to the Plan

The Debtors expressly reserve the right to amend from time to time the terms of the Plan in accordance with the terms thereof (subject to compliance with the requirements of section 1127 of the Bankruptcy Code and the applicable terms of the Plan regarding modification).

**K.** **Contact Information for Voting Agent**

> Donlin, Recano & Company, Inc.
> Re:  C-BASS
> Attn:  Voting Department
> 419 Park Avenue South
> Suite 1206
> New York, New York  10016
> Telephone:  (212) 771-1128

55436.000090 EMF_US 34601732v2