

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE:

CREDIT-BASED ASSET SERVICING AND
SECURITIZATION LLC, ET. AL.

DEBTOR.

CHAPTER 11

CASE NO. 10-16040 (ALG)
(JOINTLY ADMINISTERED)

## RESPONSE TO OBJECTION TO CLAIM

**HERE COMES NOW**, Marsha Pillich ("Respondent") responding to the Claim objection by the Debtor's trustee pursuant to 11 USC §502(a). In support of her response, Respondent respectfully shows this Court the following:

### INTRODUCTION

1. Respondent and Debtor had or has a contractual relationship, which relationship was fraudulent conducted by Debtor. Debtor maintains in secret documents that support Respondent's proof of claim. As set forth herein, Respondent's proof of claim is not untimely filed. For among other reasons, Debtor was well aware of Respondent's proof of claim due to the fact that it was involved in court proceedings in New York State Supreme Court for the County of Erie from 2003 to 2011, which claims are subject to appellate review that is currently progressing. Moreover, Debtor well knew that Respondent sought counterclaims in that action. Respondent's claim is a direct liability of the Debtor. The amount if the true claim is yet to be determined, but in no event is less than what was filed as the amount of the claim.

### BACKGROUND FACTS

2. Respondent is a victim of the on-going housing crisis involving subprime mortgages. The entire housing financial market is crumbling due to the equity stripping,

foreclosures and selling and reselling of the same mortgage is many times. Defendants and many other "players" in this mortgage fraud are under many investigations by various authorities, including the FBI, DOJ, SEC and the IRS.

3. Debtor has foreclosed on Respondent's personal residence (8 Eltham Drive, Amherst, New York, hereafter referred to as the "**Premises**").

4. From about 2004 to around early 2010, Debtor C-BASS had Litton Loan Servicing LP ("**Litton**") service the Mortgage.

5. Respondent's claims are not unique to her. Thousands of other individual consumers have been forced to commenced litigation similar to that complained of herein against Debtor C-BASS to prevent these unseemly Debtor from wrongfully taking their home. Currently, there are numerous lawsuit being waged across the country exposing the fraudulent scheme and artifice concocted by Debtor (and others) that have greatly impacted the housing crisis caused, in part, by the subprime mortgage securitization scandals.

6. Respondent has reason to believe that Debtor has no valid and enforceable claim to the Premises because, despite repeated demands, Debtor has failed to produce any documentation demonstrating that the subprime mortgage at issue in this action was duly assigned to Debtor. Respondent's Proof of Claim is valid. Debtor claims and interest in the Premises. Only the debtor has documents in its possession or under its control that establishes the proof of claim. Consequently, Debtor's Estate contains assets the duly belong to Respondent.

7. Furthermore, Plaintiff has reason to believe that Debtor C-BASS securitized and subsequently sold its interest in the Premises to Doe 1. The proceeds from that sale are proceeds that belong to Respondent.

8. Respondent has reason to believe that Debtor concocted a scheme to defraud Respondent when Respondent initially applied for the Mortgage at issue. Respondent has reason to believe that Debtor may have been materially instrumental in transferring Respondent's Mortgage into a irrevocable trust in 1999, causing Debtor to be paid more that once on this same Note and Mortgage.

## LEGAL ANALYSIS

9. Rule 3001 (A) of the Federal Rules of Bankruptcy Procedure states in part that "a proof of claim is a written statement setting forth a creditor's claim" there is even an official form to be used by creditors. In chapter 11 actions, the creditor is given 90 days to file this formal proof of claim. In chapter 11, the listing of the creditor on the schedules will suffice as a proof of claim unless the debt is determined to be disputed, contingent, or unliquidated, in which case to creditor will be provided at least a 20 day notice of any bar date in which to file a formal written. Rules 2002(c) and 3003(c)(3).

10. Debtor did not include Respondent's litigated claim in its schedules. Therefore, Respondent was not provided adequate notice in filing any proof of claim. Respondent was not notified of any bankruptcy during Respondent's state court actions. Respondent was not listed as a creditor on the schedules and responded never knew about the bankruptcy case until May 2011, at which point Respondent filed the proof of claim.

11. This Court should excuse the fact that the proof of claim was filed after the bar date. The debtor is in no way prejudiced by the delay in filing. The length of the delay has no impact on the efficiency of the Court administration of this matter. Moreover, the delay in filing the proof of claim was beyond Respondent's control because Respondent was never notified of the bar date.

3

12. Respondent's proof of claim is secured by real property. The Premise is the security and documents demonstrating the security are within the possession and control of the Debtor.

13. In *Manousoff v. Macy's Northeast* (In re R.H. Macy & Co., Inc), 166 B.R. 799 (S.D.N.Y. 1994), an Elderly woman who spoke little English failed to timely file a claim for a slip and fall matter. Her children periodically reviewed her mail and upon finding the claims bar date notice, they sent it to their mother's attorney who did not review it. The attorney filed the claim 13 days late. The district court, reversing the bankruptcy court's decision and remanding, found that the bankruptcy judge erred in finding the late filing prejudiced Macy's strictly because of the "simple dollar for dollar depletion of assets otherwise of the Available for timely filed claims. Word otherwise, virtually all late filings would be condemned by this factor." *R.H. Macy & Co.*, at 802.

14. This Court should allow Respondent's proof of claim despite tardily filed. The Court should order that said claim be paid after all other timely filed proof of claims have been paid.

15. This Court should also allow Respondent to prove its claim.

16. The Court should allow Respondent time to request discovery documents so Respondent may establish her claim further.

17. The respondent expressly reserves all of her rights to amend, modify or supplement the responses to the third I need this injection.

Dated:   April 27, 2012
         Buffalo, New York

*Marsha Pillich*
*Respondent*
*8 Eltham Drive*
*Amherst, NY 14226*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---

**IN RE:**

**CREDIT-BASED ASSET SERVICING AND
SECURITIZATION LLC, ET. AL.**

**DEBTOR.**

**CHAPTER 11**

**CASE NO. 10-16040 (ALG)
(JOINTLY ADMINISTERED)**

---

**CERTIFICATE OF SERVICE**

This is to certify that, on this day, I duly served the RESPONSE TO OBJECTIONS via federal express to the following:

The Hon. Allan L. Gropper (Stamped Courtesy Copy)
United States Bankruptcy Court Judge
United States Bankruptcy Court for the Southern District of New York
One Bowling Green
New York, NY 10004-1408

Hahn & Hessen LLP
Counsel for the Trustee
488 Madison Ave.
New York, NY 10022
Attn: Mark T Powers Esq.

Office of United States Trustee for the Southern District of New York
33 Whitehall St.
21st floor
New York, NY 10004
Attn: Susan Golden Esq.

*Marsha Pillich*
Marsha Pillich

6