**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
In re:   CREDIT-BASED ASSET SERVICING AND
            SECURITIZATION LLC, *et al*.:
                                                                                    :
                                                                                    :   Case No. 10-16040
                            Debtors                                   :
-------------------------------------------------------------------x

## DECISION AND ORDER DENYING MOTION FOR LEAVE
## TO FILE A LATE PROOF OF CLAIM

This is a motion to file a late proof of claim. For the reasons stated below, the motion is denied.

### FACTS

Credit-Based Asset Servicing and Securitization LLC ("Debtor") filed a chapter 11 petition on November 12, 2010. On December 9, 2010, the Court entered an order setting January 31, 2011 as the deadline for filing proofs of claim ("Bar Date"). The Debtor served the Bar Date notice on creditors and published the same in the national edition of the *Wall Street Journal* on December 23, 2010 (Dkt. # 168). The Debtor's plan was confirmed on April 25, 2011, and became effective on the 29th of that same month.

There is no dispute that on or about September 20, 2005, James Nelson and Bryce Nelson ("Claimants") took out a loan and gave a mortgage on their home in Pennsylvania in the amount of $264,675.00. On or about May 13, 2009, the Debtor was assigned the mortgage. There is also no dispute that after an alleged default, the Debtor commenced foreclosure proceedings against the Claimants on June 5, 2009. In its papers in opposition to the motion to file a late proof of claim, Debtor asserted that it assigned the Nelson mortgage to Waterfall Victoria Master Fund Ltd. on or before August 13, 2010. No proof of the assignment was provided, however, and the

Nelsons provided proof of a later recording of the assignment. The Court gave the Debtor time to provide evidence of the assignment, and the Debtor thereafter submitted a Mortgage Asset Purchase Agreement, dated June 11, 2010, between the Debtors, as sellers, and Waterfall Fund Ltd., as purchaser, with the Claimants' mortgage listed as one of the many instruments assigned.[1](Supplemental Objection of the C-BASS Liquidation Trust, Ex.B).[2] After the assignment, the mortgage may have been assigned again, but there is no dispute that the foreclosure ended by a judgment in favor of the mortgagee and that the Nelsons' home was sold at a foreclosure sale. Their efforts to obtain relief against the foreclosure before the courts in Pennsylvania have been unsuccessful.

On or about August 20, 2014, over three and a half years after the Bar Date, the Claimants moved for leave to file a late proof of claim against the Debtor for the amount of the mortgage. They claim that the failure to timely file a proof of claim was due to "excusable neglect," as they did not receive notice of the Bar Date. They assert they have claims against the Debtor for having engaged in improper activities, such as robo-signing documents.

## DISCUSSION

The Court in its discretion may allow a late filing, if such late filing was the result of "excusable neglect." Fed. R. Bankr. P. 9006(b)(1). The Supreme Court has held that the determination whether "excusable neglect" exists is "an equitable one, taking account of all relevant circumstances surrounding the party's omission," such as "the danger of prejudice to the

---

[1] The Claimants have provided evidence that the actual assignment of mortgage from the Debtor to Waterfall was not entered on the land records until April 20th, 2011. However, as the Debtor points out, the filing of the assignment of the mortgage is the assignee's responsibility. Therefore, the fact that the assignment of the mortgage was recorded on April 20, 2011 does not imply that Waterfall had not taken title at an earlier date.

[2] The Debtor also asked that it be permitted to redact the names of all non-parties and file the full list of mortgages assigned under seal. The motion for such relief is granted, and the Claimants' opposition, which misunderstands the request, is overruled. The Debtor is sealing information for the protection of the privacy of the Claimants and third parties.

debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Services Co. v. Brunswick Associated Ltd. Partnership*, 507 U.S. 380, 395 (1993). The burden of proving "excusable neglect" rests on the movant, and the Second Circuit has held that "a party claiming excusable neglect will, in the ordinary course, lose under the *Pioneer* test." *See In re Midland Cogeneration Venture Ltd P'ship v. Enron Corp. (In re Enron Corp.)*, 419 F.3d 115, 123 (2d Cir. 2005) (internal citations omitted).

In the case at bar, Claimants have not shown excusable neglect. Their motion was filed over three and one-half years after the Bar Date, and three years after the confirmation of the Debtor's plan of reorganization. Since the Debtor's plan, establishing a Liquidating Trust, became effective, almost all distributions have been made and most of the assets have been liquidated. Allowing the Claimants to file a proof of claim over three and a half years after the Bar Date would be clearly prejudicial to the Debtor. *See In re Bicoastal Corp.*, 242 B.R. 43, 46 (M.D. Fla. 1998) (upholding the bankruptcy court's finding that a filing of a proof of claim one and a half years after the bar date would be prejudicial to the debtor); *In re Waterman S.S. Corp.*, 59 B.R. 724 (Bankr. S.D.N.Y. 1986); *In re Tronox, Inc.*, 2014 WL 5801058, *3 (Bankr. S.D.N.Y. 2014).

Moreover, Claimants have not shown that they even have a claim against the Debtor. They charge the Debtor with wrongdoing, such as engaging in the robo-signing of mortgage assignments, but the Pennsylvania courts have upheld the foreclosure, precluding this Court from granting relief on grounds of improper assignment. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (Rooker-Feldman doctrine); *see also McKithen v. Brown*, 626 F.3d 143, 154 (2d Cir. 2010); *In re 56 Walker LLC*, 2014 WL 1228835, *2-3 (Bankr. S.D.N.Y.

3

March 25, 2014); *In re Siskin*, 258 B.R. 554, 561 (Bankr. E.D.N.Y. 2001) (holding that federal courts cannot conduct a direct review of state court decisions). Claimants assert that the mortgage was assigned to Waterfall without this Court's approval, but the evidence is that the assignment took place pre-petition and approval was not needed.

Claimants also assert that they were known creditors who must be given actual notice of the Bar Date, and that they were not given adequate notice. *Mullane v. Cent. Hanover Bankr & Trust Co.*, 339 U.S. 306 (1950). "Known" creditors are those known or "reasonably ascertainable by the debtor." *Tulsa Prof'l Collection Serv., Inc. v. Pope*, 485 U.S. 478, 490 (1988). A creditor is "reasonably ascertainable" if that creditor can be identified with "due diligence," without resorting to "impracticable and extended searches." *Mullane v. Cent. Hanover*, 339 U.S., at 317. For "unknown" creditors, including creditors whose claims are "speculative or conjectural," constructive notice of the Bar Date, including notice through publication, suffices. *In re Drexel Burnham Lambert Group Inc.* 151 B.R. 674, 680 (Bankr. S.D.N.Y. 1993) (internal citations omitted).

In the instant case, the Claimants were not "known" creditors of the Debtor, even though the Debtor had commenced a foreclosure action against them before the filing of the bankruptcy petition. Without considering that the Debtors had assigned the mortgage to Waterfall on August 23, 2010, before the bankruptcy filing, Claimants were not creditors of the Debtor, but its debtors. Relevant authority has held that mortgagors in Claimants' position can at best be considered "unknown" creditors, with notice by publication sufficient. *See Hebell v. NVR, Inc.*, 1997 WL 417363, *2 (N.D.Ill. July 21, 1997) (holding that homeowner-mortgagors' claims against the mortgagee were merely speculative, and thus they were not "known" creditors). *In re New Century TRS Holdings, Inc.*, 465 B.R. 38 (Bankr. D. Del. 2012) (mortgagor was an

4

"unknown" creditor and, therefore, not entitled to actual notice.); *Silva v. New Century TRS Holdings, Inc.* (*In re New Century TRS Holdings, Inc.*), 2014 Bankr. LEXIS 924, at *17-18 (Bankr. D. Del. Mar. 7, 2014) (Debtor's books and records did not show any debt owed to claimant, or any notice of a potential claim, and therefore, claimant was an "unknown" creditor).

Claimants' motion to file a late proof of claim is denied.

**IT IS SO ORDERED.**

Dated: New York, New York
December 9, 2014

<u>s/Allan L. Gropper</u>
UNITED STATES BANKRUPTCY JUDGE